In the Matter of the Claim of THOMAS MLODOZENIEC, Respondent, against WORTHINGTON CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 13, 1959.

*John M. Cullen* for Special Disability Fund, appellant.

*Benedict T. Mangano* for Worthington Corporation, appellant.

*Tiernan & Borowiec* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J.   The appeal is from an award of compensation in a silicosis case and presents the question whether the amendment to section 44-a of the Workmen's Compensation Law by chapter 938 of the Laws of 1957, effective July 1, 1957, applies to this case, which was open and pending on that date, disablement having occurred August 1, 1953.   Prior to the 1957 amendment, section 44-a in pertinent part provided: " The employer in whose employment an employee was last exposed to an injurious dust hazard shall be liable for the payments required by this chapter when disability or death of the employee shall be due to silicosis or other dust disease   *   *   *   when such disability results within two years after the last injurious exposure ".   The 1957 amendment added the proviso: " or where the employee while continuously employed by the same employer is transferred from an injurious exposure to a non-injurious exposure and disablement occurs at any time during such employment with the same employer, or within two years after termination of such employment ".

Claimant was employed by appellant employer as a chipper and grinder and was injuriously exposed to silica dust from September 22, 1930 to July 1, 1946, which was the date of his

last injurious exposure. He was then transferred to the employer's machine shop and became totally disabled from silicosis on August 1, 1953, while still employed by appellant employer. On July 19, 1956 an award was made for the period from August 1, 1953 to July 19, 1956, payments to continue, and the self-insured employer to be reimbursed by the Special Disability Fund after 260 weeks of compensation. The award followed the reversal of an earlier Referee's decision by board decision of December 14, 1955 which held "that the continuity of employment with the same employer from the time of contracting the disease until the date of disablement was sufficient to waive the time limitation of Section 40 and Section 44-A of the law."

On December 23, 1955 this court decided *Matter of Gajewski* v. *American Radiator & Std. Sanitary Corp.* (1 A D 2d 81), determining, upon facts similar to those now before us, that a claim for disability due to silicosis was barred because disablement occurred more than two years after the last injurious exposure to silica dust; and holding inapplicable to silicosis cases the provisions of section 40 which fix a shorter time limit for contraction of occupational disease generally, but provide that such limit shall not apply when contraction and disablement occur in the same continuous employment. On appeal of the *Gajewski* case, the Court of Appeals on April 12, 1957 affirmed the order of the Appellate Division. (2 N Y 2d 1007.) Meanwhile, the case now before us had remained open and pending, as is conceded. The appellant employer suggests that the board's "wrong decision kept the case 'open and pending' for several years" but there is nothing in the shortened record or in the briefs to indicate that during that period either of the present appellants attempted to dispose of the case by perfecting the appeals taken from the board's decision of December 14, 1955.

In our view, the amendment is a remedial statute and retrospective. "Remedial statutes are those designed to correct imperfections in the prior law, or which provide a remedy for a wrong where none previously existed. They are to be liberally construed so as to spread their beneficial results as widely as possible, and they therefore constitute an exception to the general rule that statutes are not to be given a retroactive operation." (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 54 and cases cited.) In the eyes of its sponsors, at least, the amendment was remedial, within the definition quoted, as corrective of supposed imperfections in the law which

were said to have gone unrecognized (as witness *Matter of Minchie* v. *Corning Glass Works,* 285 App. Div. 1097) until the decision by the Appellate Division of the *Gajewski* case. (See Joint Legis. Comm. on Industrial and Labor Conditions 1957 Report, 1957 N. Y. Legis. Annual, p. 303.) More important, the amendment was within the ambit of the cited definition as affording a remedy (new, to the extent that it augmented and extended the old) for a "wrong" recognized by the law even prior to the inclusion of silicosis within the coverage of the Workmen's Compensation Law. (See *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139.)

The case is akin to many in which amendments of the Workmen's Compensation Law have been held retrospective. It is necessary to cite but a few of them. Retroactive effect has been given to amendments dealing with time limitations for filing claims (*Matter of McCann* v. *Walsh Constr. Co.,* 282 App. Div. 444, affd. 306 N. Y. 904; *Matter of Wood* v. *Queen City Neon Sign Co.,* 282 App. Div. 106, motion for leave to appeal denied 306 N. Y. 979); with increases in the rate or amount of benefits (*Matter of Schmidt* v. *Wolf Contr. Co.,* 269 App. Div. 201, affd. 295 N. Y. 748; *Matter of Di Martino* v. *Mountain Val. Water Co.,* 270 App. Div. 968; *Matter of De Concilus* v. *Juney Juniors,* 9 A D 2d 17) and with rights respecting recoveries in third-party actions which had the effect of augmenting or accelerating compensation benefits (*Matter of Metzger* v. *Metzger Press,* 276 App. Div. 936, affd. 301 N. Y. 781; *Matter of McCarthy* v. *Heinz Co.,* 2 A D 2d 908, motion for leave to appeal denied 2 N Y 2d 708; *Calhoun* v. *West End Brewing Co.,* 269 App. Div. 398).

The decision and award should be affirmed, with costs to respondent Workmen's Compensation Board against appellants.

BERGAN, J. P., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to respondent Workmen's Compensation Board against appellants.