MANUFACTURERS & TRADERS TRUST COMPANY, Plaintiff, *v.* A. RICHARD FRANZ, JR., Defendant.

Fourth Department, December 12, 1974.

*Hodgson, Russ, Andrews, Woods & Goodyear (Richard A. Goetz* of counsel), for plaintiff.

*Stephen B. Hughes* for defendant.

SIMONS, J. This matter is submitted to the Appellate Division in the first instance upon an agreed statement of facts pursuant to CPLR 3222.

The parties question whether group life insurance issued in conjunction with an automobile loan to Sharon Franz covered the life of the borrower, Sharon Franz, or the guarantor, her father, A. Richard Franz, Jr. Sharon Franz was killed while the monthly payments were current but before the debt was repaid. Her father, the defendant, contends that the life insurance should be paid and applied to satisfy the debt. It is the plaintiff's contention that the insurance was on the guarantor's life, not the life of the borrower.

The loan agreement provided that the insurance " shall apply to the person indebted to the Trust Company for payment of the note, or, if more than one person is so indebted, *in whatever capacity*, to the person who is the principal debtor. The principal debtor is [a] the adult, if only one of such persons is 21 years of age at the date of the indebtedness is incurred " (emphasis added). Since Sharon was not 21 at the time the debt was incurred nor at the time of her death, the case turns on determining whether her father was " indebted " to the trust company for payment of the note. If so, then he is the principal debtor and the insurance was applicable to his life and not the life of his daughter.

Defendant contends that he is not indebted to the trust company because his liability is secondary to that of Sharon and that he does not become liable for the debt until a default in payment occurs based on general principles of suretyship (see *General Phoenix Corp.* v. *Cabot*, 300 N. Y. 87). He also claims that the guarantee instrument in question is an agreement to guarantee collection, not payment.

By its express terms the guarantee is one of payment because it provides that the creditor may proceed directly against the guarantor without attempting to enforce the obligation against the debtor (see 57 N. Y. Jur., Suretyship and Guaranty, § 21; Uniform Commercial Code, § 3–416). Thus it contains the provisions that "the undersigned unconditionally guarantees to the Trust Company *the payment* of all * * * notes " (emphasis added) and it also provides that: " the liability hereunder of the undersigned shall be direct, immediate and absolute and shall not be conditional or contingent upon the pursuit, exercise or prosecution by the Trust Company of any other remedy or remedies whatsoever, and the Trust Company shall have and may exercise against the undersigned any and all of the rights and remedies that it might against a principal debtor upon a past due liquidated obligation."

Thus, by the terms of the agreement, defendant is primarily liable and of necessity, " indebted " to the trust company for the payment of the note.

Furthermore, the conclusion that the policy of insurance was to cover his life is supported by the phrase " in whatever capacity " contained in the insurance provision. By use of that phrase, the agreement makes clear that the form of the indebtedness was of no consequence. The controlling purpose, expressed in subdivision (a), and one not unreasonable for a lender, was to insure the credit which it principally relied upon

in making the loan, not the credit of the infant. Similarly, the agreement provided in subdivision (b) that in the case of loans to husband and wife, the principal debtor was the husband unless the trust company's records indicated that the credit of the wife was principally relied upon in accepting the indebtedness. In other cases the agreement provided that the person whose credit was relied upon was the "principal debtor". The intent was clearly expressed and the guarantee should be enforced according to its terms.

Paragraph 6 of the guarantee provides for payment of attorney fees for "any and all legal and other expenses incurred" in "enforcing this guaranty" and the parties have stipulated that $400 is a reasonable fee. Such claims are enforceable (*General Lbr. Corp.* v. *Landa*, 13 A D 2d 804).

Plaintiff is entitled to judgment, to be entered as a judgment in Supreme Court, Erie County (see CPLR 3222 Practice Commentary 3222:10 [McKinney's Cons. Laws of N. Y., Book 7B]) in the amount of $2,033.29, plus attorney's fees in the amount of $400 together with interest from August 5, 1973 and costs.

MARSH, P. J., CARDAMONE, GOLDMAN and DEL VECCHIO, JJ., concur.

Controversy unanimously determined in favor of plaintiff with costs, and judgment to be entered in accordance with opinion by SIMONS, J.