■  VIRGINIA KINNEY, Plaintiff, v GUY H. KINNEY, Defendant.—Controversy unanimously determined in favor of plaintiff, without costs, and judgment entered in accordance with the following memorandum: This matter is submitted to the Appellate Division in the first instance on an agreed statement of facts (CPLR 3222). The parties executed a separation agreement in 1972 which was incorporated by reference into their divorce decree of March 3, 1973. By the agreement plaintiff received custody of the parties' four children and defendant agreed to contribute weekly support for the parties' three daughters until they reach the "age of majority, die, marry or otherwise become sooner emancipated." (The support of the son is governed by a separate provision not in issue in this submission.) At the time the separation agreement was executed and the divorce judgment entered the age of majority in New York was 21 years (Domestic Relations Law, § 2). That statute was subsequently amended to provide that the age of majority is 18 years (L 1974, ch 920, § 1, eff Sept. 1, 1974). Two of the daughters became 18 years of age on February 2, 1974 and one of these is now emancipated. The third daughter reached 18 years of age on March 28, 1975. The parties question the effect of this statute on defendant's contractual obligation to support the two unemancipated daughters. Generally, statutory enactments operate prospectively unless there is a clear legislative intent to make them operate retrospectively *(Western New York & Pa. Ry. Co. v City of Buffalo,* 296 NY 93, 98; *Dalziel v Rosenfeld,* 265 NY 76, 79). The legislative intent with respect to this statute is found in section 8 of the amendment which provides that it "shall not be construed to alter, change, affect, impair or defeat any rights, obligations or interests heretofore accrued, incurred or conferred prior to the effective date of this act." That intent is also expressed by legislative enactments that a parent's statutory duty to support his or her children continues while the child is under the age of 21 years (Domestic Relations Law, § 32, subd 2; Family Ct Act, §§ 413, 414, 415 as amd by L 1974, ch 937, §§ 2, 3, 4). Defendant contends that the parties intended that the statutory provision would control the meaning of the contract term "majority". Contract obligations are determined by the law in force at the time the contract is executed *(City of Troy Unit of*

*Rensselaer County Chapter of CSEA v City of Troy,* 36 AD2d 145, affd 30 NY2d 549; 10 NY Jur, Contracts, § 204). In the absence of a clear expression in the contract that such is the parties' intention, the courts may not construe an agreement so that it is modified by subsequent statutory enactments which change the rights and obligations of the parties (17A C.J.S., Contracts, § 330, p 301). No such intention is evident in this case. Plaintiff is entitled to a judgment, to be entered as a judgment of Supreme Court, Monroe County (see CPLR 3222; Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B CPLR 3222.10; see *Manufacturers & Traders Trust v Franz,* 46 AD2d 161, 163), declaring that paragraphs 4(a) and (b) of the separation agreement are in full force and effect as to Karol Kinney and Deborah Kinney, and that plaintiff is entitled to a judgment against defendant for arrears in the amount of $15 per week from September 1, 1974 until the date of the entry of the order herein. (Submission of controversy on agreed statement of facts.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.