■ CHARLES S. WILSON MEMORIAL HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered August 15, 1979 in Broome County, which granted plaintiff certain declaratory relief. On May 29, 1978, the plaintiff increased its charges to private patients by 7% for the purpose of absorbing a 5.7% general wage increase which it had implemented in March, 1978. On July 24, 1978, the Governor signed into law, effective immediately, an amendment to section 2807 (subd 2, par [i]) of the Public Health Law, which provides: "For the period to and including December thirty-first nineteen hundred and seventy-eight, a general hospital shall not increase any charges established for inpatient care services in effect on May first, nineteen hundred seventy-eight, except as authorized pursuant to subparagraph (ii) of paragraph (j) of this subdivision." By letter dated September 8, 1978, the plaintiff notified the Department of Health that its patient rate increase predated by two months, and, therefore, was unaffected by the amendment. On November 8, 1978, the defendant answered the plaintiff's letter, stating that the plaintiff's interpretation of the law was "incorrect" inasmuch as the "May first" reference in the law was clear and all rates were fixed with reference to that date and that the charges established by the plaintiff were not in "compliance with the law". The plaintiff seeks in this declaratory judgment action a declaration that the increase effected by the plaintiff on May 29, 1978 be permitted to remain and that such be declared nonviolative of the statute, as amended. The defendant urges that the amendment requires all rates to be frozen as of their May 1, 1978 level. Special Term granted the plaintiff's motion for summary judgment and denied the same relief sought in the cross motion of the defendant, reasoning that the amendment was intended to freeze hospital patient charges as of July 24, 1978, the effective date of the amendment and that the May 1 date in the amendment followed and,

therefore, modified the word "services" and not "charges" and was intended to freeze the "services" and not the "charges" for such services; that the statute would have to be applied retroactively to freeze charges as of May 1, 1978; and that such retroactive application should not be made without an express or implied legislative declaration of statutory intention *(Coffman v Coffman,* 60 AD2d 181, 188); and that retroactive application could impair the plaintiff's existing contractual rights established as of May 29, 1978 and thereby risk a declaration of unconstitutionality (US Const, art I, § 10, cl 1). The legislative intent of the enactment is clearly expressed (L 1978, ch 517, § 1): "Quality hospital care must be accessible to all people of the state of New York at reasonable cost. To insure that past efforts of the legislature to curtail burgeoning hospital costs are not rendered ineffectual * * * and to provide for containment of hospital charges increases to all persons with or without health insurance and to protect the health and welfare of the people, the legislature hereby adopts this act." The object of this stated intent is the containment and curtailment of hospital charge increases. When such intention is so clearly expressed, the primary consideration of the courts is to ascertain and give effect to the intention of the legislative enactment (McKinney's Cons Laws of NY, Book 1, Statutes, § 92, subd a; § 97) despite grammatical inaccuracies and other inconsequential errors and inconsistencies. Contrary to the plaintiff's contention and the decision of Special Term, whose interpretation was selected for its grammatical accuracy, the clearly expressed intent of the Legislature was to contain "hospital costs", and in order to accomplish such a purpose the May 1 date should be held to modify "charges for in-patient care services" and not "services" only. "Charges for in-patient care services" must, therefore, be frozen at the May 1, 1978 level. This conclusion does not mean that the amendment must be applied retroactively which, without any express or implied expression of retroactivity, would violate the axiom that statutes are presumed to "operate prospectively unless there is a clear legislative intent to make them operate retrospectively" *(Kinney v Kinney,* 48 AD2d 1002). If all the language of a law can be satisfied by giving it a prospective operation only, it should not apply retrospectively. Accordingly, a statute should not be given a retroactive effect when it is capable of any other construction. (McKinney's Cons Laws of NY, Book 1, Statutes, § 51, subd a.) Lacking legislative indication of retroactivity, the statute speaks as of its effective date, July 24, 1978, and applies to and affects only the charges incurred on and from July 24, 1978 through December 31, 1978, freezing such charges at the May 1, 1978 rate level. All contracts negotiated between those dates are subject to the provisions of section 2807 (subd 2, par [i]) of the Public Health Law. Charges incurred and contracts negotiated from May 29, 1978 to July 24, 1978 are unaffected by the amendment. The other contentions of the defendant have been considered and are without merit. Accordingly, the determination of Special Term should be modified to declare that all charges, including contracts therefor, occurring on or after July 24, 1978 and prior to January 1, 1979 are subject to the provisions of section 2807 (subd 2, par [i]) of the Public Health Law. Judgment modified, on the law, in accordance with this decision, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.