OPINION OF THE COURT
C. Raymond Radigan, J.
This is a petition by the executor of an estate for permission to renounce the decedent’s interest in the estate of her husband for the purpose of achieving a tax savings.
Harry Deitch died on April 19, 1980, and his will dated January 30, 1977, which was admitted to probate on May 15, 1980, provides for disposition of the entire estate to his spouse, Jeanette Deitch, and in the event she predeceases, to their children, per stirpes. Jeanette died on June 8, 1980. Her last will and testament provides for the disposition of her estate to her children, per stirpes in the event her husband predeceases. There are two children of the marriage, Philip and Marna. Philip is the executor of both estates and the petitioner in this proceeding. He seeks to renounce his mother’s interest in the testamentary assets of her husband’s estate, the proceeds of two life insurance policies and death benefits under an employee retirement plan. The children are contingent beneficiaries of the insurance policies and retirement plans.
It is well settled that a fiduciary may renounce the interest of a decedent (Matter of Schiffman, 105 Misc 2d *691 1025; EPTL 2-1.11, subd [c]) with permission of the court and this may be done for the sole purpose of effectuating a tax savings (Matter of Stern, NYLJ, July 10, 1980, p 14, col 4).
The question before the court is whether the executor in this case may renounce on behalf of his decedent, an interest in property which was not expressly included in EPTL 2-1.11 at the time of the donor decedent’s death.
Prior to June 26, 1980, the effective date of the 1980 amendments' EPTL 2-1.11 provided that a renunciation could be made of a disposition created under a will or trust agreement, a disposition created by a power of appointment, or a distributive share. The 1980 amendments expanded the definition of a disposition to include survivorship interests in Totten Trusts, jointly held property, a tenancy in the entirety and proceeds from insurance policies and employee benefit plans (L 1977, ch 861, as amd by L 1980, ch 570).
In Matter of De Domenico (100 Misc 2d 446) this court took the position that the renunciation of interests not included in the statute as it existed at that time (prior to the 1980 amendments) was not statutorily permissible.
Although exception has been taken to this position (see Rohan, Practice Commentaries, McKinney’s Cons Laws of NY, 1980-1981 Supplement, Book 17B, EPTL 2-1.11, p 54) on the grounds that the common law permitted renunciations of most interests (not including intestate shares), the report of the Law Revision Commission for 1980 is to the contrary in asserting that the common law in this area was unclear and that further legislative action was required (Report of the Law Revision Commission, McKinney’s 1980 Session Laws of NY, p 1647).
The report of the commission makes it clear that the 1980 amendment to paragraph (1) of subdivision (a) of EPTL 2-1.11 was remedial in nature.
Generally, remedial statutes are to be liberally construed so as to spread their beneficial results as widely as possible and therefore constitute an exception to the rule that statutes are not to be given a retroactive operation (Matter *692 of Mlodozeniec v Worthington Corp., 9 AD2d 21, affd 8 NY2d 918, app dsmd 364 US 628; McKinney’s Cons Laws of NY, Book 1, Statutes, § 54). There is no indication in the papers that the proposed renunciation will have a negative economic impact on anyone such as creditors of the deceased wife (see Becker v Huss Co., 43 NY2d 527, 540).
The court therefore construes EPTL 2-1.11 to the extent that it sets forth those interests Which may be renounced, to be retroactive to the date of Harry Deitch’s death.
The attorney for the executor of the estates of Harry Deitch and Jeanette Deitch informs the court in his affidavit that no attempt was made by Jeanette to assert control over the assets in question or reduce them to her possession.
All the requirements of EPTL 2-1.11 appear to have been satisfied and the beneficiaries of both estates will not be prejudiced by the granting of this application. Additionally, the decedent’s daughter, Marna, consents to the renunciation.
Accordingly, the application of Philip Deitch to renounce the interests of Jeanette Deitch in the probate estate of Harry Deitch, the proceeds of his employee retirement plan and the proceeds of life insurance policies Nos. 803,507 and 961,611C, is granted.