■ O'Brien Homes, Inc., et al., Plaintiffs, v Town of Penfield et al., Defendants. — Controversy unanimously determined in favor of defendants, without costs, and judgment entered in accordance with the following memorandum: This case is submitted to the court for determination pursuant to CPLR 3222. In 1969 the Town of Penfield solicited plaintiff land developers to participate in a large-scale totally financed sanitary sewer district project. Under the plan which was developed to insure that no public funds would be expended for the improvements, plaintiffs entered into contracts with the Town of Penfield on behalf of a town sewer district extension under which they guaranteed payment of the estimated annual cost per unit for debt service of a minimum number of housing units and posted irrevocable letters of credit assuring their performance. The town then established a $100 sewer connection fee per unit for plaintiffs and a $320 fee for nonguaranteeing parties. In the meantime the Irondequoit Bay Pure Waters District, which had been created in 1968 to provide regional waste treatment, constructed an interceptor sewer system and treatment facilities and established a connection fee of $250 for new users. In June, 1977 the district agreed to provide regional sewage collection and treatment for the town while the town continued to operate its sewer collection system, and the town agreed to collect a new user connection fee of $250 as the collection agent for the district. Accordingly, beginning in June, 1977 the town charged plaintiffs a new user sanitary sewer connection fee of $350 per unit — $100 for the town sewer district extension and $250 for the district. The sole question raised by this submission is whether the town breached its agreement with plaintiffs by collecting the $250. Based on the facts before us we find no breach of contract. The town promised to charge plaintiffs $100 rather than its usual $320 fee as the *quid pro quo* for plaintiffs' guaranteeing the money for the expansion of the town's sewer collection system. The town has kept its promise by continuing to maintain its local collection system, and charge plaintiffs $100 for the town's fee. Plaintiffs thus continue to save $220 on each new hookup. The town did not promise, however, that it would never add any additional sewer charges, particularly if it chose to provide additional and expanded services. In short, the $100 connection fee is imposed to cover the capital cost of the sewer collection system, whereas the $250 connection fee is charged by the district to cover the capital costs of waste treatment facilities. The two fees are thus for

separate capital expenditures and different services. That the town chose to abandon its antiquated treatment plant and obtain waste treatment services from a regional provider and to collect these charges from plaintiffs on behalf of the regional provider of those services does not mean that it breached its contract with plaintiffs. Therefore, we find that this conduct on the part of the town does not constitute an impairment of the contract between the parties to this litigation and does not violate the Federal or State Constitutions. Defendants are entitled to a judgment, to be entered as a judgment of the Supreme Court, Monroe County (see CPLR 3222; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3222:10, p 1086; see, also, *Kinney v Kinney,* 48 AD2d 1002, 1003) declaring that the April, 1969 agreements between plaintiffs and defendant Town of Penfield have not been breached by defendants, and that plaintiffs are individually responsible for the $100 connection fee charged by the town and, in addition, the $250 connection fee charged by the Irondequoit Bay Pure Waters District. (Submitted controversy.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.