■ In the Matter of BEVERLY M. OSTERHOUDT, Respondent, v ALAN V. OSTERHOUDT, Appellant. — Appeal from an order of the Family Court of Schenectady County (Litz, J.), entered July 30, 1981, which, *inter alia,* directed respondent to pay $3,232.57 in support arrears. The parties to this support proceeding entered into a separation agreement in 1972 which was later incorporated but not merged with their 1973 divorce decree. For purposes of this appeal, the relevant portions of the agreement required respondent husband to pay $222.22 a month as support for each of his two sons, born in 1961 and 1964, until they reached majority or married, whichever came first, and a like amount to petitioner wife until such time as she remarried. This proceeding to enforce these child support and alimony provisions was commenced in September of 1980. Although respondent interposed several affirmative defenses to the petition, the parties stipulated that the total arrearages due under these provisions totaled $4,354.77 and submitted to Family Court the legal issue of determining whether any of the affirmative defenses effected a reduction of that amount. The decision written by Family Court makes it clear that the court, exercising its equitable power to reduce arrearages when a noncustodial parent had custody of a child for an extended period of time, reduced from $222.22 to $110 the child support for respondent's oldest son Craig during the 10-month period of time immediately prior to the commencement of this proceeding when Craig lived with his father. After rejecting all of the other defenses raised, respondent was found to be $3,232.57 in arrears. The order which was entered on this decision, however, in addition to reciting the arrearage figure, modified respondent's future duty to pay child support for Craig to $110 a month for as long as he resided with respondent. The instant appeal by respondent ensued. Initially, we reject respondent's argument that he was not liable for child support payments for Craig following the son's 18th birthday in 1979. This contention is based on the 1974 amendment to section 2 of the Domestic Relations Law whereby the age at which a child reaches majority was reduced from 21 to 18 years (L 1974, ch 920, § 1, eff Sept. 1, 1974). Since this case involves a pre-1974 separation agreement and does not contain any language whereby the parties indicated their intention to be bound by subsequent statutory enactments, the contract obligations are to be determined by the law in force at the time the contract was executed (*Kinney v Kinney,* 48 AD2d 1002). We do agree, however, with respondent's position regarding that portion of the order which modified his future support obligations for Craig. Only the question of arrearages was submitted to the Family Court and a careful review of the court's decision indicates that the determination was limited to that sole issue. The order which was entered, however, went beyond the decision and modified the divorce decree by reducing future

support payments for Craig. This was clearly improper (see *Frank v Krauss*, 69 AD2d 1017). While the error could have been corrected by resettlement of the order, it will now be remedied by modification. Order modified, on the law, by deleting the first and second decretal paragraphs dealing with future child support payments for Craig Osterhoudt, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.