■ ROBERT S. FRANZ, Respondent, v EDWARD DREGALLA et al., Defendants and Third-Party Plaintiffs-Appellants; JOHN CRISAFULLI & SONS, INC., Third-Party Defendant-Appellant. — Order unanimously affirmed, with costs. Mem-

orandum: Plaintiff, injured from a fall through an unprotected hole in a roof during the construction of a one-family dwelling on July 18, 1979, is entitled to the application of the law as it existed as of the time of the injury. Plaintiff's fall was clearly caused by the fact that he had been provided no safety device "which shall be so constructed, placed and operated as to give proper protection to a person", in violation of subdivision 1 of section 240 of the Labor Law (*Brant v Republic Steel Corp.*, 91 AD2d 842). The statute imposed absolute liability upon defendant, the owner of the dwelling (*Haimes v New York Tel. Co.*, 46 NY2d 132) and Special Term properly granted plaintiff partial summary judgment as to liability. We see no merit to appellants' argument that an amendment to the Labor Law, exempting owners of one- and two-family dwellings, should be applied retroactively. At the time the injury occurred, plaintiff had a vested right to the protection provided by the statute (*Hastings v Byllesby & Co.*, 293 NY 413). The subsequent amendment of the statute (see L 1980, ch 670, § 4), exempting owners of one- and two-family dwellings who contract for but do not direct or control the work, cannot work to impede the antecedent rights of plaintiff. The amended statute was declared by the Legislature to take effect "immediately", i.e., June 30, 1980. No mention is made as to retroactive application of the statute (L 1980, ch 670, § 5). Appellants' reliance on *Matter of Mlodozeniec v Worthington Corp.* (9 AD2d 21, affd 8 NY2d 918, mot to amd remittitur granted 8 NY2d 1002, app dsmd and cert den 364 US 628), *Matter of Deitch* (106 Misc 2d 690), and *Verley v Trudeau* (84 Misc 2d 58) is misplaced. In those cases, the statutory amendment expanded the rights of the protected persons. Under the amendment here urged by appellants to be applied retroactively, the rights of the protected persons (construction workers) have been limited. "[A]n amendment will have prospective application only, unless its language clearly indicates that a contrary interpretation is to be applied" (*Matter of Deutsch v Catherwood*, 31 NY2d 487, 489-490; see, also, McKinney's Cons Laws of NY, Book 1, Statutes, §§ 51, 52). The plain wording of the amended statute affords no reason to support an argument that the Legislature intended that it be applied retroactively. (Appeals from resettled order of Supreme Court, Cattaraugus County, Bayger, J. — resettlement and summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.