OPINION OF THE COURT
Julius Vinik, J.
In 1979 respondent awarded two separate school transportation contracts to petitioner. One involved transportation of handicapped pupils beginning in September, 1979 and ending June 30, 1982; the other for nonhandicapped pupils beginning September, 1979 and ending June 30, 1983. Respondents were authorized to extend the contracts, on mutual consent, for annual or biannual periods. In March, 1982, the handicapped contract was extended to commence September, 1982 for two years; and in March, 1983 the other contract was extended to commence September, 1983, for two years.
*413 As authorized by section 305 (subd 14, par a) of the Education Law, the (original contract and) the extension agreements provided that the contract price would be adjusted during each extension year by “the percentage by which the ‘national consumer price index’ increased over the ‘national consumer price index’ ” as of the preceding year.
On August 8, 1983 (17 months after the execution of the first extension and several months after execution of the second extension), chapter 914 of the Laws of 1983 amended the guidelines of section 305 (subd 14, par a) of the Education Law and changed the definition of the term “consumer price index”, effective immediately.
Petitioners seek to have the amendment applied to extension years subsequent to its effective date (beginning with the September, 1983 school year). This would effectively increase respondents’ cost for pupil transportation by approximately $5 million in the first year.
The issue to be decided is whether the 1983 amendment defining “consumer price index” is applicable to the subject extension agreements.
Prior to the amendment, section 305 (subd 14, par a) of the Education Law used the term “national consumer price index” but did not define it; and the extension agreements, which were executed pursuant to this section, also specified “national consumer price index”, but defined it as follows: “The ‘national consumer price index’ as of a given date means that statistic of the United States Department of Labor, or its successor, which the New York State Department of Education deems to mean the ‘national consumer price index’.” v
It is undisputed that there is no such index called the “national consumer price index”, but that there are two consumer price indices published by the United States Department of Labor, one for “all urban consumers” and another for “urban wage earners and clerical workers”. It is further undisputed that over the recent years the State Education Department, and thus the New York City Board of Education, have consistently interpreted the term “national consumer price index” as referring to the index for “urban wage earners and clerical workers”. The 1983 *414 amendment now requires the use of the other consumer price index, i.e., the one for “all urban consumers”.
It is the respondents’ position, as buttressed by an identical position taken by the State Education Department in supporting letter (because of these espoused positions, it would be futile and thus unnecessary to require the petitioners to exhaust any administrative remedies before proceeding with this lawsuit [Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52, 57]) that this amendment may not be applied retroactively to the extension agreements which had been executed prior to the enactment of the amendment and that instead, the meaning given to the term “national consumer price index” (i.e., the consumer price index for “urban wage earners and clerical workers”) at the time the agreements were effectuated shall govern the remaining extension years thereunder. The court agrees.
The general rule of construction is that statutes and amendments thereto are to be given prospective, and not retroactive, application unless a clear expression of intent to the contrary is found (Matter of Ayman v Teachers’ Retirement Bd., 9 NY2d 119, 125; Matter of Mulligan v Murphy, 14 NY2d 223, 226; Matter of Deutsch v Catherwood, 31 NY2d 487, 489-490; Carder Realty Corp. v State of New York, 260 App Div 459, 466, affd 285 NY 803; Sessa v State of New York, 63 AD2d 334, 335, affd 47 NY2d 976; Kinney v Kinney, 48 AD2d 1002; Franz v Dregalla, 94 AD2d 963, 964; McKinney’s Cons Laws of NY, Book 1, Statutes, §§51, 52). Here, the plain wording of the amendment — it is declared to take effect immediately but no mention is made as to retroactive application to existing contracts (L 1983, ch 914) — affords no reason to support a retroactive intent (Franz v Dregalla, supra, p 964). “To reach a contrary result in this case would [moreover] serve to impose new conditions upon and impair the obligations of a contract already existing * * * and such a construction might well raise substantial constitutional questions (Carder Realty Corp. v. State of New York, 260 App. Div. 459, affd. 285 N. Y. 803, supra)” (Matter of Deutsch v Catherwood, 31 NY2d, at p 490; see US Const, art I, § 10). “Contract obligations are [instead] determined by the law *415 in force at the time the contract is executed” (Kinney v Kinney, 48 AD2d 1002, supra).
Here, when the subject extension agreements were agreed upon and entered into, prior to the amendment of section 305 (subd 14, par a) of the Education Law, both sides clearly understood that the “national consumer price index” referred to in the agreements meant the one used for “urban wage earners and clerical workers”. It was as though that particular index had been incorporated in the language of the extension agreements. To now subject these agreements to the subsequent statutory amendment so as to change the index to be used to the one for “all urban consumers” would result in an impermissible retroactive application of the amendment.
Petitioners’ argument that there would be no retroactive application, in that the extension agreements constitute divisible contracts and each extension year is separate and divisible and subsequent to the date of the amendment, is without merit. The court finds that each extension agreement, with but one expiration date, contains various provisions and promises which are closely interwoven and dependent upon the other and which indicate that the parties assented to the entire agreement as a single whole (Rhine v New York Life Ins. Co., 248 App Div 120,134-135, affd 273 NY 1, 15-16). While the vehicle rate increase calculations to be made during each extension year are separable, they are nonetheless integral parts of a single agreement and not the equivalent of three separate and independent contracts (248 App Div, at p 135; 273 NY, at p 15).
The petition in this CPLR article 78 proceeding is denied and the proceeding is dismissed.