■ PIONEER TRANSPORTATION CORP. et al., Appellants, v GREGORY KALADJIAN, as Director of Pupil Transportation of the Board of Education of the City of New York, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to apply the price-indexing provision of section 305 (subd 14, par a, as amd by L 1983, ch 914, § 1) of the Education Law to agreements extending extant contracts between petitioners and respondents for the transportation of school children, executed prior to the effective date of the afore-mentioned amended statute, petitioners appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), dated January 17, 1984, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements, for the reasons stated in the opinion of Justice Vinik at Special Term.

We add only that there is no merit to petitioners' argument that the subject extension agreements "contemplated" the enactment of chapter 914 of the Laws of 1983, such that the latter should be deemed applicable thereto for the remainder of their duration. Contract obligations are determined by the law in effect at the time the contract is executed (see *Kinney v Kinney,* 48 AD2d 1002; 22 NY Jur 2d, Contracts, § 202). In the absence of a clear expression in the contract that such is the parties' intention, a court may not construe an agreement so that it is modified by a subsequent statutory enactment which changes the rights and obligations of the parties (*Kinney v Kinney, supra*). No such intention is evinced by the agreements at bar. Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur. [122 Misc 2d 412.]

■ ANGELINA SINICROPI, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. — Judgment of the Supreme Court, Nassau County, dated September 28, 1983, affirmed, with costs, for reasons stated by Justice Morrison at Special Term. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.