In the Matter of DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CORINNE OO., Respondent, v ROBERT PP., Appellant.

Third Department, December 20, 1984

**APPEARANCES OF COUNSEL**

*Hubert L. Brown* for appellant.

*Carl F. Becker* for respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

On July 22, 1982, an order of filiation adjudged respondent to be the father of a child born to petitioner on February 25, 1982. In connection with that proceeding, which had been initiated by the Delaware County Department of Social Services, respondent was ordered to and did post a $1,500 bond to secure repayment to the Department of $1,429 expended for the mother's medical care. In a separate proceeding, commenced by the mother, Family Court, by order dated November 10, 1982, directed respondent to pay the mother child support "when his obligation to the County of Delaware is satisfied".

Having reimbursed the Department in full, respondent, by petition dated February 18, 1984, sought an order discharging the surety. Although the Department consented to the surety's discharge and a hearing before Family Court confirmed that the

Department had indeed been reimbursed, Family Court conditioned the surety's discharge on respondent's executing an undertaking in the amount of $2,700 to cover unpaid and future child support payments due to the mother. This appeal by respondent followed.

The bond expressly secured only $1,500, the sum owing to the Department pursuant to the support order of July 22, 1982. The later order of November 10, 1982, implementing the mother's child support application, does not even advert to an undertaking (cf. Family Ct Act, § 471), nor is there any suggestion therein that this bond was intended to secure child support payments. Additionally, the suretyship contract was neither modified nor extended to cover the child support obligation, an obligation which did not even accrue until two months after execution of that contract. We note also that neither party to respondent's motion sought to condition discharge of the bond in any way and that Family Court's *sua sponte* order doing so was unauthorized and inappropriate (see *Matter of Osterhoudt v Osterhoudt,* 89 AD2d 678, 679).

MAHONEY, P. J., MAIN, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, and surety discharged.