■ GERALD A. HUSKISSION et al., Appellants-Respondents, v SENTRY INSURANCE, a Mutual Company, Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of employment contracts, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered June 7, 1985, as granted the defendant's motion for judgment as a matter of law at the close of the trial to the extent of denying the plaintiffs compensatory and punitive damages, and the defen-

dant cross-appeals, as limited by its brief, from so much of the same judgment as awarded the plaintiffs judgment as a matter of law for nominal damages on their cause of action for breach of contract and wrongful termination of employment.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which awarded the plaintiffs nominal damages for breach of contract and for wrongful termination, and substituting therefor a provision dismissing the complaint in its entirety. As so modified, the judgment is affirmed, with costs to the defendant payable by the plaintiffs.

The plaintiffs' respective employment contracts as insurance agents are not subject to Insurance Law § 3429. Therefore, a violation of the statute cannot be the basis of a breach of the plaintiffs' contracts with defendant. The contracts were executed in 1977, but Insurance Law § 3429 (former § 168-g) was not enacted until 1979 (L 1979, ch 690, § 6, amended L 1980, ch 217, § 6). To deem the contract subject to Insurance Law § 3429 would make the statute retroactive in effect *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51). However, statutes are generally construed as prospective in application *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]; *Matter of Deutsch v Catherwood,* 31 NY2d 487, 490; *Western N. Y. & Pa. Ry. Co. v City of Buffalo,* 296 NY 93, 98; *Pioneer Transp. Corp. v Kaladjian,* 105 AD2d 698). A court may not construe an agreement so that it is modified by a subsequent statutory enactment which changes the rights and obligations of the parties absent a clear expression in the contract that such is the parties' intention *(see, Pioneer Transp. Corp. v Kaladjian, supra).* Thus, the defendant's alleged "redlining" in ceasing to make auto liability insurance available to the plaintiffs because of the geographic location of the risk is not a breach of the plaintiffs' employment contracts with the defendant.

The plaintiffs' employment contracts were terminable at will by either party. Therefore, the plaintiffs have failed to state a cause of action to recover damages for wrongful termination *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293). Furthermore, the remedy for the termination of an insurance agent's contract because of geographic location is administrative *(see,* Insurance Law § 3430 [a] [2]; § 2401 *et seq.;* 11 NYCRR 218.5) and the Insurance Law does not create a private right of action or provide a compensatory remedy for agents whose contracts are so terminated *(see,* Insurance Law § 3430 [a] [2]; § 2401 *et seq.; accord, Kurrus v CNA Ins. Co.,* 115

AD2d 593). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.