■ BARBARA M. NECKERS, Respondent, v CHARLES NECKERS, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated November 29, 1973, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Fierro, J.), dated December 14, 1988, as granted that branch of the plaintiff's application pursuant to Domestic Relations Law § 244, which was for the entry of a money judgment against him for alleged arrears of child support in the principal sum of $10,600.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's application which was for the entry of a money judgment for alleged arrears of child support is denied.

The plaintiff made an application pursuant to Domestic Relations Law § 244, *inter alia,* for entry of judgment against her former husband for arrears of child support for the parties' two daughters. At that time the daughters were 22 and 24 years of age respectively. The allegedly unpaid child support covered the period between the 18th and 21st birthdays of the parties' two daughters. Their father had made support payments through each daughters' 18th birthday in accordance with the terms of a separation agreement executed in 1973. Thereafter, he contributed approximately $30,000 towards their college educations.

Contrary to the findings of the Supreme Court, the father was not in default of either his statutory child support obligations or the child support provision of the parties' 1973 separation agreement. Although both parents are obligated by law to support their children to age 21 *(see, e.g.,* Family Ct Act § 413; Social Services Law § 101), the child support provisions of the parties' separation agreement, as partially incorporated but not merged in their subsequent judgment of divorce, merely allocated the distribution of their mutual financial obligations to support their daughters *(see, Matter of Boden v Boden,* 42 NY2d 210; *see also, Matter of Brescia v Fitts,* 56 NY2d 132; *Rubin v Rubin,* 119 AD2d 152, *affd* 69 NY2d 702). Therefore, the child support provisions of the 1973 separation agreement are not invalid because they required the father to make specified child support payments only until each child attained the age of majority *(see, Schiffman v Schiffman,* 79 AD2d 971), which in this case the parties clearly understood to mean age 18 *(cf., Matter of Osterhoudt v Osterhoudt,* 89 AD2d 678; *Kinney v Kinney,* 48 AD2d 1002). Moreover, the father paid more than $30,000 towards his daughters' college

educations. Pursuant to the separation agreement, his obligation to do so was predicated upon his financial ability. His affidavit and financial submissions indicate that he has paid all that he could afford. In any event, the fact that college payments were made subsequent to his daughters' 18th birthdays, underscores our conclusion that the child support provisions of the separation agreement did not abrogate his statutory obligation to provide for the support of his daughters, whose needs have apparently been adequately met. Since the appellant father satisfied his child support obligations as provided for both by statute and the 1973 separation agreement, the award of child support arrears against him is denied. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.