OPINION OF THE COURT
Donald G. Purple, Jr., J.
Plaintiffs have moved for partial summary judgment holding defendants liable under Labor Law § 240 (1) in this action for personal injuries suffered by plaintiff Steven C. Frycek on August 25, 1992, during construction of the Corning Incorporated corporate headquarters. Defendants Corning Incorporated and Morganti Incorporated have cross-moved for summary judgment against Amthor Steel and Precision Steel Erectors seeking indemnification. Defendant and third-party plaintiff Amthor Steel has cross-moved for summary judgment against plaintiff’s employer, Precision Steel Erectors, Inc., claiming both contractual and common-law indemnification against plaintiff’s claim. Precision Steel Erectors, Inc. (hereinafter Precision) has moved to dismiss the third-party action for indemnification on the ground that there was no contractual assumption of liability by Precision and on the additional ground that the third-party action is barred by the Omnibus Workers’ Compensation Reform Act (L 1996, ch 635). In the alternative, Precision opposes the plaintiffs’ motion for partial summary judgment on the ground that there is a question of fact which precludes judgment as a matter of law.
Plaintiff Steven Frycek was injured when he fell 15 feet from an iron beam to the ground while attempting to tighten a cable while erecting the steel structure for the Corning Incorporated headquarters. Plaintiff had been issued a safety belt and lanyards by his employer, Precision, and had been instructed in the use of safety devices during weekly safety meetings. However, at the time of his fall he was not hooked to a safety cable.
It is undisputed that at the time of the accident, Precision was solely responsible for the direction, control and supervision of plaintiff’s work. Precision, as subcontractor for defendant Amthor Steel, was erecting the structural steel and deck for the construction project. Corning Incorporated as owner and Morganti Incorporated as general construction manager had contracted with Amthor Steel for construction of this portion of the project. In its written contract with the owner, Amthor Steel had agreed to indemnify Corning Incorporated and Morganti Incorporated against any personal injury claims *222 made by third parties or employees. Although this contract was incorporated into the contract between Amthor Steel and Precision, a separate hold harmless clause was never executed by Precision.
As only the third-party defendant has opposed the plaintiffs’ motion for partial summary judgment, it is necessary to resolve the indemnification claims of the defendants before addressing plaintiffs’ motions.
It is clear that defendants Corning Incorporated and Morganti Incorporated are entitled to a conditional judgment of indemnification against Amthor Steel based upon Amthor’s contractual indemnification agreement. Defendant Amthor Steel does not dispute that Corning Incorporated and Morganti Incorporated had no direct supervision and control over the plaintiff’s work. Neither does Amthor Steel allege negligence on the part of Corning or Morganti. Therefore, defendants Corning Incorporated and Morganti Incorporated are entitled to indemnification from Amthor Steel should plaintiffs prevail on their claim under Labor Law § 240 (1). (Brown v Two Exch. Plaza Partners, 76 NY2d 172.) This motion for summary judgment against Amthor Steel is granted.
The motion for summary judgment against Precision by Corning Incorporated and Morganti Incorporated based upon common-law indemnification must be denied. Corning Incorporated and Morganti Incorporated have not joined in the third-party action against Precision. Therefore, there is no basis upon which these defendants are entitled to judgment directly against Precision.
In its third-party action against Precision Amthor Steel seeks indemnification from Precision for any liability imposed on Amthor Steel as a result of plaintiff’s work-related injuries. Amthor Steel alleges both a contractual and common-law basis for indemnification.
The cause of action based upon contractual liability must be dismissed. Amthor Steel has failed to produce any document signed by Precision agreeing to indemnify Amthor Steel from work-related claims. The language contained in the contract between Amthor Steel and Corning Incorporated cannot be read to extend the indemnification obligation to Precision. The fact that the Amthor Steel-Precision contract incorporated the Amthor Steel-Corning contract as part of the agreement between Amthor Steel and Precision does not automatically extend Amthor Steel’s obligation to indemnify Corning to Precision. While the separate hold harmless clause would have *223 been binding on Precision, it was never signed. Absent such written proof that Precision had agreed to indemnify Amthor Steel against work-related claims, Amthor Steel’s cause of action based upon contractual indemnification is dismissed.
Amthor Steel’s cause of action against Precision based upon common-law indemnification is contingent on a determination that Precision exclusively supervised and controlled the plaintiff’s work. Precision does not dispute that it had exclusive supervision and control. Rather, Precision raises the newly enacted amendment to the Workers’ Compensation Law contained in the Omnibus Workers’ Compensation Reform Act as a bar to this third-party action. Under this amendment, employers are protected from third-party lawsuits for work-related injuries suffered by its employees, unless the injury qualifies as a "grave injury”. Plaintiff has not alleged that he has suffered a "grave injury” as defined by the amendment. Therefore, if this newly enacted amendment applies to this case, the third-party action must be dismissed.
The court has reviewed three decisions published since the Omnibus Workers’ Compensation Reform Act became law on September 10, 1996. Each of these Supreme Court decisions analyze the legislative history and prior judicial decisions relevant to a determination of the legislation’s effective date. The court finds the reasoning set forth by Justice Doyle in Flynn v New York Life Ins. Co. (NYLJ, Oct. 24, 1996, at 31, col 3 [Sup Ct, Suffolk County]) the most persuasive.
Given the conflicting and equivocal history of the bill’s drafting and passage, the most compelling evidence of the intended effective date is found within the law’s effective date provision. Section 90 of chapter 635 of the Laws of 1996 makes specific reference to those provisions of the Omnibus Act which are to apply to claims pending as of the effective date of the legislation. The amendment to section 11 of the Workers’ Compensation Law was not included within any of those special provisions. Had the Legislature intended that the amendment to section 11 apply to claims pending as of September 10, 1996, it could have specifically done so, as it did with other sections. Absent this language, the court is constrained to apply the general rules of construction. These rules state that prospective application of an amendment is appropriate, unless otherwise clearly indicated. (Murphy v Board of Educ., 104 AD2d 796, affd 64 NY2d 856; Franz v Dregalla, 94 AD2d 963, 964.)
The court has considered the reasoning set forth by Justice Ferradino in Majewski v Broadalbin-Perth Cent. School Dist. *224 (169 Misc 2d 429 [Sup Ct, Fulton County 1996]) analyzing the impact of section 88 of chapter 635 of the Laws of 1996, and finds it unpersuasive. The court disagrees that the audit provision of section 88 is rendered meaningless if the amendment to section 11 of the Workers’ Compensation Law is not applied retroactively. The reserve fund established under Insurance Law § 1303 is an amount estimated to be necessary to pay all losses, whether reported or unreported, for which the insurer may be liable in the future. Any legislative change affecting an insurer’s liability for claims against employers would presumably reduce the reserves required under the Insurance Law as the number of anticipated claims will be greatly reduced. Therefore, section 88 would still have effect, albeit not as great, if the amendment to section 11 is applied only prospectively to accidents which occur on or after September 10,1996, by reducing the future losses anticipated by the insurer.
Third-party defendant Precision also argues that the amendment to section 11 of the Workers’ Compensation Law should apply to all pending actions for indemnification, as indemnification causes of action do not accrue until a party’s liability under Labor Law § 240 (1) is fixed by judgment. The court is aware of the body of law which recognizes this doctrine. However, the Appellate Division, Fourth Department has clearly upheld a party’s right to a conditional judgment of indemnification before liability is finally established or a judgment is paid. (See, Keck v Board of Trustees, 229 AD2d 1016.)
In addition, construction contracts and indemnification agreements are drafted in view of the law as it exists at the time of the creation of the contract. Parties involved in major construction projects have allocated risks and liabilities and have obtained insurance to cover those risks under the laws as they know them to be. By applying this amendment retroactively to accidents which occurred prior to its passage, the court would be reallocating those risks and liabilities with no offsetting benefit to the public. This would result in a windfall to some parties and unanticipated losses to others. This retroactive application would not serve the goal of reducing insurance premiums as the premiums have already been paid. Therefore, the court declines to legislate the result requested by Precision.
Based upon the reasons stated above, Precision’s motion to dismiss the third-party complaint is denied and Amthor Steel’s *225 motion for a conditional judgment of indemnification based upon common law is granted.
As the third-party defendant now stands in the shoes of the defendants in the first-party action, Precision has standing to oppose the plaintiffs’ motion for partial summary judgment on the cause of action under section 240 (1) of the Labor Law. Precision has raised sufficient questions of fact concerning the availability of appropriate safety devices and plaintiff’s failure to use them to preclude summary judgment at this time. As the record does not clearly establish what safety devices were required or were available and what instructions had been given to plaintiff at the time of the accident, plaintiffs’ application for partial summary judgment is denied.