OPINION OF THE COURT
Thomas A. Stander, J.
The third-party defendant, Monroe County Water Authority (MCWA), submits a motion seeking summary judgment dismissing the third-party complaint and granting summary judgment in favor of the third-party defendant, pursuant to section 11 of the Workers’ Compensation Law. The defendants and third-party plaintiffs, Partner Industrial Products and Ad-mar Supply Company (hereinafter collectively Partner Industrial), oppose such a dismissal. The plaintiff, Gary Massella (Massella), concurs with the arguments and positions set forth by the defendants, Partner Industrial.
The plaintiff was injured in the course of his employment on February 22, 1988. A third-party action against MCWA was commenced by Partner Industrial on or about April 4, 1991 seeking indemnification and contribution against MCWA as the employer of Massella. There has been no judgment granted in favor of any party in the primary action or the third-party action to date.
This court adopts the position that the statutes contained in the Omnibus Workers’ Compensation Reform Act of 1996 (Legislation; L 1996, ch 635), effective on September 10, 1996, are prospective statutes and that the prospective operation, together with case law and the legislative language, dictates that these statutes be applied to all third-party indemnification / contribution actions against an employer which are pending on September 10, 1996.
I. AMENDMENTS TO NEW YORK STATE WORKERS’ COMPENSATION LAW
The Legislation amends section 11 of the Workers’ Compensation Law to bar all third-party actions against the employer for common-law indemnification and contribution. This Legislation, in effect, repeals the doctrine of Dole v Dow Chem. Co. (30 NY2d 143 [1972]) except in the case where the employee has suffered a "grave injury” as defined in the new Legislation. Employers are relieved from contribution and indemnity, other than contract-based suits, to third parties, unless the grave injury requirements exist. (See, L 1996, ch 635.) In the instant *814 case, it is unrefuted that the plaintiff has not sustained injuries which rise to the level of a grave injury under the new statute.
The Legislation amends section 11 of the Workers’ Compensation Law, effective September 10, 1996, to state: "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury’ ”.
II. PRIOR DECISIONS
The issue in the present case is whether the third-party defendant, MCWA, is entitled to summary judgment dismissing the third-party complaint by Partner Industrial, based upon the application of the Legislation. Section 90 of the Legislation states that "[tjhis act shall take effect immediately.” Although this section continues with specific effective dates for certain sections of the Legislation, including both earlier and later effective dates than the approval date of September 10, 1996, section 2, which reflects the amended language to Workers’ Compensation Law § 11, clearly was to take effect immediately upon the approval date of September 10, 1996.
The Legislation, in its short time in effect, has been applied both prospectively and retroactively by various Supreme Court Justices to their independent cases. (See, Frycek v Corning Inc., 171 Misc 2d 220 [Sup Ct, Steuben County 1997]; Majewski v Broadalbin-Perth Cent. School Dist., 169 Misc 2d 429 [Sup Ct, Fulton County 1996]; Flynn v New York Life Ins. Co., NYLJ, Oct. 24, 1996, at 31, col 3 [Sup Ct, Suffolk County]; Gleason v Holman Contract Warehousing, 170 Misc 2d 668 [Sup Ct, Albany County 1996].) Each decision expresses its individual reasoning for the application of the Legislation.
The movant, MCWA, relies upon its interpretation of the language as amended by the Legislation, the effective date of the statute and upon the case of Majewski (supra) for its position that the Legislation applies retroactively to pending actions; therefore, it is entitled to summary judgment. The defendant and third-party plaintiffs and the plaintiff rely upon the language of the statute as amended by the Legislation, and the cases of Gleason and Flynn (supra) for their position that the Legislation is prospective only and does not apply to pending actions. The court has also located the most recent decision, Frycek (supra), which decides that the Legislation should apply prospectively only.
*815 These previous decisions have set forth at great length the applicable statutes, the relevant judicial decisions, and the specific language contained in the Omnibus Workers’ Compensation Reform Act of 1996, for retroactive versus prospective application of the new Legislation. Such statutes, legal precedents, and legislation language are considered by this court but will not be restated herein.
III. THE LEGISLATION IS PROSPECTIVELY EFFECTIVE ON ANTECEDENT EVENTS
This court determines that the Legislation is a prospective statute effective September 10, 1996. The general rule is that statutes are construed as prospective in operation only, with a retroactive construction to be determined based upon legislative intent and language which expressly or by necessary implication requires such construction. (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b].)
This prospective operation of the Legislation is consistent with a number of the prior decisions. However, contrary to the other judicial decisions applying the statutes prospectively, this court determines that the statutes apply to pending cases existing on September 10, 1996 which have not reached judgment.[1] This necessarily requires the exclusion of existing actions which relate to antecedent events, in this case, the prior accident and alleged injuries to the plaintiff.
This court’s reasoning for applying the prospective statutes to actions existing on September 10, 1996, but which have not ripened into judgments, is well founded in (A) the law of indemnification and contribution, and (B) the unequivocal language of the Legislation.
A. Accrual Date of Right to Indemnification /Contribution
. As of September 10, 1996 the third-party plaintiffs had instituted a cause of action against the third-party defendant alleging a right to indemnification and/or contribution. "It is generally said that a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity [citations omitted].” (Bay Ridge Air Rights v State of New York, 44 NY2d 49, 54 [1978].) Where there has been no judgment entered, the claim for indemnity and contribution has not yet accrued. (See, Bay Ridge Air Rights v State of New York, at 56.)
*816 "[There is an] unambiguous principle of law that claims for indemnification and/or contribution do not accrue for purposes of the Statute of Limitations until the party seeking indemnification and/or contribution has made payment to the injured person. (McDermott v City of New York, 50 NY2d 211; Bay Ridge Air Rights v State of New York, 44 NY2d 49; Klinger v Dudley, 41 NY2d 362).” (Woolworth Co. v Southbridge Towers, 101 AD2d 434, 440 [1st Dept 1984]; see, Cubito v Kreisberg, 69 AD2d 738, 746 [2d Dept 1979], affd 51 NY2d 900 [1980]; Conley v Salt City Energy Venture, 234 AD2d 909; Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 146 [4th Dept 1976].)
Under the case law herein cited, the third-party plaintiff does not have an accrued right against the third-party defendant for indemnification or contribution until payment is made or a judgment exists in the primary action. There has been no payment or judgment in the primary action before the court. Relying on the cited case law, the third-party plaintiffs had no accrued right to indemnification or contribution in this pending action on September 10, 1996.[2] When the Legislation became effective on September 10, 1996 it applied prospectively to this pending action.[3]
This court recognizes that this prospective application to pending cases necessarily requires that the future accrual of the right to indemnification and/or contribution relates to and is founded upon antecedent events, i.e., the accident which gave rise to the primary action. "A statute is not retroactive, however, when made to apply to future transactions, merely because such transactions relate to and are founded upon antecedent events.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [a], at 87.) This statutory law clearly supports the application of a prospective statute to antecedent events.
In the instant case, the third-party plaintiffs did not have an accrued right as of September 10, 1996 to indemnification and/or contribution. The Legislation and statutory amendments extinguished any claims for indemnification and/or contribution against the third-party defendant, who was the employer of plaintiff in the primary action.
*817 B. Plain Meaning of the Statutes
The obvious meaning of the statutory amendments contained in the Legislation also supports the prospective application of the statutes to pending actions. The Legislation amending Workers’ Compensation Law § 11, effective September 10,1996, states unequivocally that an "employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee.” (L 1996, ch 635, § 2 [emphasis supplied].) The Legislation does not contain any statement or expression that this should only apply to accidents occurring after the effective date and based upon the numerous effective time periods instituted by section 90 of the Legislation, the Legislature certainly could have imposed a more specific applicable effective date to this section.
The legislation also contains amendments to other statutes which we considered and found decisive as to the applicability and effectiveness of the Legislation as a whole. CPLR 1401 was amended to state: “/ejxcept as provided in sections eleven and twenty-nine of the workers’ compensation law two or more persons who are subject to liability may claim contribution among them [emphasis added].” (L 1996, ch 635, § 4 [emphasis added].)
General Obligations Law § 18-201 (2) was amended to read: "[t]he liability of an employer and his or her employees set forth in sections ten, eleven and twenty-nine of the workers’ compensation law shall be exclusive and in place of any other liability whatsoever, to employees otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of injury or death or liability arising therefrom.” (L 1996, ch 635, § 9 [emphasis added].)
Neither of these amendments provide for an effective date other than September 10, 1996. Though it has been said that "[i]t is not the role of the court without benefit of legislative authority, to cut off abruptly a cause of action good until then under conventional law” (Bay Ridge Air Rights v State of New York, supra, at 55), the legislative authority here is articulated in a straightforward manner throughout the Omnibus Workers’ Compensation Reform Act of 1996. The language of the Legislation clearly extinguishes the right to contribution and/or indemnification against third-party defendants in actions currently pending.
OTHER RELEVANT FACTORS CONSIDERED
The position adopted by this court is amply supported by the language contained in the Governor’s Approval Memorandum of the Legislation which states:
*818 "to]f primary importance is the retroactive repeal of the Court of Appeals’s decision in Dole v. Dow, 30 N.Y. 2d 143 (1972) ('Dole'). The Dole decision imposed an outdated and unfair doctrine that had been rejected in every other state * * *
"This new system, which takes effect immediately, is enacted with the specific intent of maximizing savings in workers’ compensation premiums through its application to all cases currently pending in the courts of our State wherein the primary action has neither been settled nor reduced to judgment.” (Governor’s Mem approving L 1996, ch 635, 1996 McKinney’s Session Laws of NY, at 1912-1913.)
In addition, this court recognizes that prior decisions address whether there is a vested right in the causes of action for indemnification and/or contribution in actions pending on September 10, 1996. If the statutes were to be given retroactive application, then a determination that there was a vested right would prohibit retroactive elimination of these rights. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [e].) In a prior Supreme Court decision the court concluded that a third-party plaintiff’s cause of action for contribution or indemnification is not a vested right, and the third-party plaintiff possesses "no constitutional right of property precluding the elimination of the third-party inchoate claims pending on the effective date” of the Legislation as against the third-party defendant. (See, Majewski v Broadalbin-Perth Cent. School Dist., 169 Misc 2d 429, 432, supra.) We agree, the reasoning set forth in Majewski which decides that a right to contribution or indemnification is not a vested right, is well stated. However, because this court determines that the Legislation is prospective in operation this court need not further address the issue of vested rights.
CONCLUSION
This court determines that the Legislation is a prospective statute in operation which requires implementing its terms as of the effective date of September 10, 1996. As of such date, any rights which had not accrued could be extinguished by a legislative act. A cause of action for indemnification and/or contribution does not accrue until payment is made or a judgment exists. There has not been payment or a judgment in the instant action. Therefore, the pending action for indemnification and/or contribution against the third-party defendant was abolished by the amended terms of Workers’ Compensation Law § 11, effective September 10, 1996, and must be dismissed.
*819 The motion of the Monroe County Water Authority, third-party defendant, for summary judgment dismissing the third-party complaint is granted.
It is hereby ordered that the third-party complaint is dismissed.

. The application of the Legislation only to accidents which occur after September 10,1996 is not supported by the law or by the Legislation itself.

. If the right to indemnification and/or contribution had accrued before the Legislation was effective, then the Legislation would not be applied to the pending actions.

. A retroactive statute is defined as "a statute which looks backward or contemplates the past and which is made to affect acts or facts occurring, or rights accruing, before it came in force.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [a], at 87.)