In the Matter of the Claim of NELLIE S. SMALL, Respond-
ent, against GIBBS PRESS, INC., et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — bookkeeper and
superintendent of production who also held office of secretary of cor-
poration killed in course of his employment — defense to claim for
compensation that he was an executive officer and had not elected coverage
under Workmen's Compensation Law — statute so requiring not appli-
cable to claim governed by policy issued before statute went into
effect.*

*Matter of Small v. Gibbs Press, Inc.,* 222 App. Div. 699, affirmed.
(Argued March 27, 1928; decided April 10, 1928.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial
department, entered December 7, 1927, unanimously
affirming an award of the State Industrial Board made
under the Workmen's Compensation Law. Claimant's
husband, while in the course of his employment, was
struck by an automobile and died from the injuries
received. He was employed by a corporation, engaged
in the printing business, as bookkeeper and superintendent
of production and received a fixed salary for his services.
During the course of his employment he had been
appointed secretary to the corporation, but he held no
stock therein, had no authority to sign checks and had
received no increase in his salary on such appointment.
The defendants contended that claimant's intestate was
an executive officer, and that the claim for compensation
is barred by reason of the failure of the decedent to make
an election to be brought within the coverage of the
Workmen's Compensation Law, and also by reason of
the fact that his wage value was not separately stated
and added to the valuation of the payrolls upon which
the premium was computed as required by subdivision 6
of section 54 of that statute, as amended by chapter 258
of the Laws of 1926.

33

Prepared by State Reporter from Appeal Papers

*Jeremiah F. Connor* for appellants.

*Charles B. Brophy* and *John G. Jackson* for claimant, respondent.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs. Held, that this claim is governed by the terms of the policy as issued on March 1, 1926, and that the statute of 1926, chapter 258 (Workmen's Compensation Law, § 54, subd. 6) is inapplicable thereto.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.