In the Matter of the Claim of NATHAN ESBINSKY, Respondent, against BETTY COURT GARAGE, INC., et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued March 15, 1932; decided April 26, 1932.)

*T. Carlyle Jones* and *Bernard J. Vincent* for appellants. An executive officer of a corporation, no matter what his duties are, is not entitled to compensation at the time of the accident, unless there has been election to bring in such officer. (L. 1926, ch. 258, § 54, subd. 6; *Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296.) There was no election by the corporation to include its executive officers in the compensation insurance contract. The written policy expressed the contract, not the payroll. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322; *Abrahams* v. *Charmant Specialty Co.*, 212 App. Div. 697; *Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 257; *Small* v. *Gibbs Press, Inc.*, 222 App. Div. 699.)

*Jacob Kirschenbaum* for claimant-respondent. The claimant was not an executive officer within the meaning of section 54, subdivision 6, of the Workmen's Compensation Law, as amended by chapter 258 of the Laws of 1926. (*Small* v. *Gibbs Press, Inc.*, 222 App. Div. 699; 248 N. Y. 513.) The claimant was a workman within the meaning of the Workmen's Compensation Law and as such was covered by the policy issued by the insurance carrier. (*Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296; *Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Matter of Petrie*, 215 N. Y. 335.)

*John J. Bennett, Jr., Attorney-General (Joseph A. McLaughlin* and *John R. O'Hanlon* of counsel), for State Industrial Board, respondent. Claimant was covered by the insurance contract as a workman employee. (*Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296; *Small* v. *Gibbs Press, Inc.*, 222 App. Div. 699; 248 N. Y. 513; *Goldin* v. *Goldin Decorating Co.*, 222 App. Div. 780; 247 N. Y. 603; *Moore* v. *Consolidated Steel Plate Construction Co.*, 221 App. Div. 813.)

O'BRIEN, J. Betty Court Garage, Inc., was a corporation. Its stock was held by two men named Esbinsky and Shapiro. The president was Shapiro and the person chosen as secretary of the corporation and selected as manager of the garage was Nathan Esbinsky, son of one and son-in-law of the other stockholder. According to his testimony, he took care of the books, took care of all bills, handled the insurance, signed checks, paid employees and bought supplies. The finding of fact that his office of secretary of the corporation was only nominal is not supported by any evidence. If Nathan Esbinsky was not its secretary, the corporation was without one and had no executive officer; in some mysterious manner, it must have operated without guidance. In addition to his duties as secretary, Esbinsky performed much manual labor. In return for all his services he received compensation at the rate of fifty dollars a week and, in the event of profits, he was promised a percentage of them. While he was engaged in inflating a tire he was injured, and the issue is whether he is covered by the provisions of the insurance policy which had been effected in behalf of the corporation. Its terms must be interpreted in the light of the statute existing at the time of its execution. The policy remained in force for one year from November 30, 1928. Nathan Esbinsky entered the service of the corporation in July, 1929, and was injured November 20, 1929.

Section 54, subdivision 6, of the Workmen's Compensation Law (Cons. Laws, ch. 67, as amended by Laws of 1926, ch. 258), at the date of the writing of the contract of insurance and also at the date of claimant's injury, provided: "Employers or executive officers of corporations shall not be included in the compensation insurance contract *unless they elect to be brought within the coverage of this chapter*, in which case such policies shall insure to such employers or officers the same compensation provided for their employees, and at the same rates; provided, however, that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their payrolls upon which their premium is computed. The employer or officer so insured shall have the same rights and remedies given an employee by this chapter." The statute as so amended became effective subsequent to the dates upon which were written the policies construed by us in *Matter of Skouitchi* v. *Chic Cloak & Suit Co.* (230 N. Y. 296); *Matter of Goldin* v. *Goldin Decorating Co.* (247 N. Y. 603), and *Matter of Small* v. *Gibbs Press, Inc.* (248 N. Y. 513). Obviously, therefore, these decisions do not control the facts at bar.

The form of policy issued November 30, 1928, and insuring the Betty Court Garage includes " the president, any vice president, secretary or treasurer of this employer, if a corporation if actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman," but the effect of this clause is radically modified by the following indorsement attached to the policy: " The provisions of this Policy, including the Declarations forming a part thereof, relating to the liability of the Company as respects personal injuries, including death, sustained by the President, any Vice-President, Secretary or Treasurer of this Employer, if a corporation, and to the remuneration of such executive officers of the corporation, are not applicable to corporate

employers in the State of New York. The words ' who perform duties of superintendent, foreman or workman ' shall be eliminated from subdivision 1 (x) of Item 3 of the Declarations, which subdivision shall then be applicable to all individual employers, copartnership employers and executive officers of corporations (meaning those executives elected to their respective offices under the charter or by-laws of the corporation). All individual employers, copartnership employers or all executive officers of a corporation irrespective of their duties shall be included in all the undertakings of this Policy if election to accept the provisions of the Workmen's Compensation Law and be so included is evidenced by the insertion of the estimated annual remuneration of such individual employer, members of copartnership employer or executive officers under subdivision 1 (x) of the Declarations as amended. If all are included, the remuneration shall be stated in one amount; if less than all, the remuneration of each included with name, shall be stated separately. The actual remuneration of all such individual employers, members of copartnership employers or executive officers, but not in excess of $100 per week for each, shall be disclosed and premium computed thereon in accordance with the method provided in the Policy as hereby amended. If said subdivision 1 (x) contains no estimate of the remuneration of individual employers, copartnership employers or executive officers as herein defined, all such are fully excluded from the operations of this Policy as respects any and all undertakings of the Company therein."

The statute excludes executive officers of corporations from the compensation insurance contract unless they expressly elect to be brought within its coverage and it requires, in the event of such an election, that the estimation of their wage values shall be separately stated and added to the valuation of payrolls upon which the premium is computed. The indorsement on the policy stipulates

for the inclusion of all executive officers, irrespective of their duties, if election to accept the provisions of the statute is evidenced by the insertion of the estimated annual remuneration of such officers in the declaration, but if the declaration embraces no such estimate, all executive officers are excluded. The statute and this policy with its indorsement, therefore, both presented an opportunity for insurance in respect to executive officers of corporations, but neither the corporation nor the claimant as secretary availed of the chance which was offered. Pursuant to the amendment by chapter 258 of the Laws of 1926, one who occupied a position as an executive officer, if he desired compensation in the event of injury, must have elected to be included within the contract of insurance at the time of its execution and in the manner described in the act and in the policy. This legislative scheme was reversed by section 5 of chapter 316 of the Laws of 1930, which provides that every executive officer shall be deemed to be included within the insurance contract unless he otherwise elects. If the election under the statute of 1926 were made and the estimated remuneration were included in the declaration, officers "irrespective of their duties," were to be covered. The statute, as it existed at that time, demanded that a *bona fide* executive officer, no matter what the nature of his additional manual services might be, should, if an election be made, be covered as an officer. He could not be covered as a workman. This rule apparently is not disputed by the courts below nor by counsel. It has been held to be inapplicable for the assigned reason that claimant's office of secretary was merely nominal. The evidence, however, proves the contrary and renders the finding of fact on that issue entirely without support. Betty Court Garage, Inc., like every other corporation, must have had a secretary and claimant's own testimony shows conclusively that he not only held that position but also performed substantial duties incident to it.

The order of the Appellate Division should be reversed, the determination of the State Industrial Board annulled and the claim dismissed, with costs in this court and in the Appellate Division against the State Industrial Board.

POUND, Ch. J., CRANE, LEHMAN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Order reversed, etc.