COUNTY OF ONEIDA, Plaintiff, *v.* THE CITY OF UTICA, Defendant.

Fourth Department, September 25, 1940.

*Francisco Penberthy, County Attorney,* for the plaintiff.

*Bartle Gorman, Corporation Counsel,* for the defendant.

PER CURIAM. The question in difference between the parties is whether the Constitution of New York State prevents the defendant from borrowing money to pay to the Oneida county treasurer the unpaid balance of the 1938–1939 State and county taxes levied upon property in the city of Utica.

The Charter of the City of Utica provides that after the amounts of the State and county taxes are inserted in the city assessment rolls, such rolls shall be delivered to the city treasurer who is authorized to receive such amounts from the respective persons named in the assessment rolls. Thereafter, it is the duty of the city treasurer to certify to the comptroller of the city the amount of State and county taxes remaining unpaid and the city shall thereupon raise such amount by the sale of its bonds and pay the same to the county treasurer. It is further provided therein that the sums for State and county taxes upon such rolls remaining unpaid shall be deemed city taxes and shall be due and owing to the city and the city is empowered to collect the same in the manner provided by law for the collection of city taxes. (Laws of 1923, chap. 658, art. 5.)

It is claimed by the defendant that the provision of the City Charter of the city of Utica, directing such city to borrow money to make such payment to the county treasurer, requires the city to lend its credit in aid of the county of Oneida and is, therefore, in violation of the provisions of the Constitution of the State of New York. (Const. art. 8, § 1.)

The city officials engaged in collecting State and county taxes are governmental agencies engaged in performing governmental duties pursuant to the mandate of the Legislature. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361, 370.)

The county does not collect the amount of State and county taxes from the persons taxed. It collects it from the city which owes such amount to the county. (*Matter of County of Oswego* v. *Foster,* 262 N. Y. 439, 443.)

The amount uncollected of State and county taxes is an indebtedness of the city. (*County of Nassau* v. *City of Long Beach,* 272 N. Y. 260, 266; 274 id. 458, 460.)

The Legislature has the power to impose governmental duties upon the different governmental subdivisions of the State. The county never owned the State and county taxes. They are the property of the city, and the city, when paying to the county the amount of such taxes, is not loaning its credit but is merely satisfying an obligation imposed upon it by the Legislature. (*Union Free School Dist.* v. *Town of Rye,* 280 N. Y. 469.)

Section 10 of article 8 of the Constitution of 1894, prohibiting the gift or loan of property or credit of local subdivisions, was renumbered section 1 of article 8 of the Constitution of 1938 and was revised generally. This section with its change in phraseology, as contained in the new Constitution, does not prevent the Legislature from placing upon the city of Utica the duty of collecting the State and county taxes and of paying the amount thereof, whether collected or not, to the county treasurer. (*Union Free School Dist.* v. *Town of Rye, supra.*)

The submitted controversy should be determined in favor of the plaintiff, and judgment should be entered directing the city of Utica and the officials thereof to forthwith borrow the necessary money and to pay to the treasurer of the county of Oneida the sum of $93,402.48, less any amounts which may have been paid by the city treasurer to the county treasurer for collections made after September 5, 1939, without costs.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Submitted controversy determined in favor of the plaintiff, without costs, and judgment granted directing the city of Utica and the officials thereof to forthwith borrow the necessary money and to pay to the treasurer of the county of Oneida the sum of $93,402.48, less any amounts which may have been paid by the city treasurer to the county treasurer for collections made after September 5, 1939.