

# The Attorney General of Texas

December 13, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
A tin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth Bain, Jr.
Attorney at Law
P. O. Box 176
Floydada, Texas 79235

Opinion No. H- 1281

Re: Whether a salary grievance committee is required to comply with the Open Meetings Act.

Dear Mr. Bain:

You have asked:

> Where all requirements of Article 3912k Sec. 2(b) and (c) and (d) are met, and all nine members of the "Grievance Committee" sign a written recommendation for a raise in salary of an elected official, to-wit Justice of the Peace, and it is delivered to the commissioners court at its next regular meeting, does the fact that notices were not posted in advance for the meeting of the "Grievance Committee," as stated in Art. 6252-17 Sec. 3A of V.T.C.S. make such action of the "Grievance Committee" void, or is the Floyd County Commissioners Court required to pay such salary?

The salary grievance committee is composed of seven public officials and three citizens. The committee hears salary grievances of elected county and precinct officials and is permitted to recommend changes in the official's salary. An affirmative vote of all nine of the voting members of the committee causes the recommendation to become effective without further action of the commissioners court.

The Texas Open Meetings Act, article 6252-17, V.T.C.S., requires that meetings of governmental bodies be conducted in public and be preceded by the statutorily prescribed notice. You suggest that notice is not required for two principal reasons. First, it is contended that the salary grievance committee is not a governmental body within the contemplation of the Act. Second, it is contended that notice is not required since a governmental body is not required to meet in public session to discuss certain personnel matters.

The Open Meetings Act applies to "governmental bodies" which are defined to include "every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city." Section 1(c).  The salary grievance committee has rule-making or quasi-judicial authority.  Attorney General Opinion H-467 (1974).  We believe it is also clear that the grievance committee is an agency of the county.  Board of Adjustment of City of Fort Worth v. Stovall, 216 S.W.2d 171, 174 (Tex. 1949) (Board of Adjustment is a governmental agency); Oneida County v. City of Utica, 22 N.Y.S.2d 642, 644 (Sup. Ct., App. Div. 1940), aff'd per curiam, 35 N.E.2d 189 (N.Y. 1941) (city officials engaged in collecting taxes are governmental agencies); see Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S.W.2d 377, 380 (Tex. Civ. App — San Antonio 1971, no writ) (Open Meetings Act to be liberally construed to effect its purpose). Thus, the grievance committee is a governmental body which is covered by the Open Meetings Act.

Attorney General Opinion M-1005 (1971) indicated that a meeting which was closed pursuant to the personnel exception to the Act was not required to be preceded by notice.  That opinion is no longer a correct statement of the law since the Open Meetings Act has been amended so that section 2(a) now provides in part:

> ... no closed or executive meeting or session of any governmental body for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held unless the governmental body has first been convened in open meeting or session for which notice has been given as hereinafter provided. . . .

Section 3A(a) provides that "any action taken by a governmental body at a meeting on a subject which was not stated on the agenda in the notice posted for such meeting is voidable."  See also Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975); Toyah Ind. Sch. Dist., supra.  Thus, if notice of the meeting was not posted the action of the grievance committee would be voidable.   You have presented no facts to indicate whether the action was subsequently ratified; see Lower Colorado River Authority, supra; Attorney General Opinion H-419 (1974); or whether there might have been substantial compliance with the requirements of the Act.  See Stelzer v. Huddleston, 526 S.W.2d 710 (Tex. Civ. App. — Tyler 1975, writ dism'd).

## SUMMARY

> The salary grievance committee established pursuant to article 3912k, V.T.C.S., is required to comply with the Texas Open Meetings Act, article 6252-17, V.T.C.S., and post notice of its meetings. Action taken at a meeting for which notice was not posted is voidable.

Mr. Kenneth Bain, Jr. - Page 3 (H-1281)

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn