■ COUNTY OF RENSSELAER, Respondent, v CITY OF TROY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 3, 1985 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for summary judgment.

This court's decision in *County of Rensselaer v City of Troy*

(102 AD2d 976) held that while defendant, City of Troy, could pursuant to Municipal Home Rule § 10 unilaterally repeal Laws of 1918 (ch 209, § 9) relating to the collection of taxes levied by plaintiff, County of Rensselaer, within the city and the payment thereof, the city's failure to specifically identify its intent to do so when it adopted its new city charter in 1973 was fatal to its claim that the statute had been repealed *(id.,* pp 976-977). In apparent response to this decision, the city in July 1984 amended its charter (Local Laws, 1984, No. 2 of City of Troy) (hereinafter the amendment) to, *inter alia,* "specifically and expressly" repeal Laws of 1918 (ch 209) *(id.,* at § 1 [b]). The amendment states that it "shall become effective immediately" *(id.,* at § 2).

Thereafter, on August 1, 1984, the city, instead of paying the entire amount of taxes which the county had levied on January 3, 1984, paid only the amount of taxes which the city had actually collected. As a result, the remaining amount of the 1984 county tax levy, $201,579.65, went unpaid by the city. The county then commenced this action to recover this deficiency from the city and was awarded summary judgment for the unpaid amount by Special Term. This appeal ensued. The order of Special Term must be affirmed. The county was properly granted summary judgment in its claim that the city was liable for the full amount of the county tax levied on January 3, 1984.

The amendment cannot be given retroactive effect. Retroactive operation of a statute is not favored *(Harridine v Board of Supervisors,* 73 AD2d 118, 122). A clear intent to apply the statute retroactively must be found *(Gleason v Gleason,* 26 NY2d 28, 36). Even where such intent is found, a statute will not be applied retroactively if to do so would transgress constitutional limitations *(State of New York v Wolowitz,* 96 AD2d 47, 60-61).

In the case at bar, the provision that the amendment have immediate effect did not give it retroactive operation or effect *(see, Murphy v Board of Educ.,* 104 AD2d 796, 797-798, *affd* 64 NY2d 856). Since the city incurred the obligation to pay the county the amount of the taxes imposed *(see, County of Oneida v City of Utica,* 260 App Div 363, 365) and the county acquired a vested property right in the taxes levied *(see, County of Nassau v City of Long Beach,* 272 NY 260, 266) when the final levy was in place, the amendment could not prevent the county from obtaining from the city the second half of the entire amount of the tax levied *(cf.* Real Property Tax Law §§ 902, 928 [1]). Moreover, it would be unconstitutional to

construe the amendment to apply retroactively in this situation *(see, County of Nassau v City of Long Beach, supra,* p 267).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.