In the Matter of EUGENE LUSARDI, Respondent, v EUGENE LUSARDI, M.D., P. C., Respondent, and TRAVELERS INSURANCE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 16, 1991

APPEARANCES OF COUNSEL

*Cherry, Edson & Kelly (Henriette Frieder* and *Robert Carroll* of counsel), for appellants.

*Robert Abrams, Attorney-General (Howard B. Friedland, Jane Lauer Barker* and *Theresa E. Wolinski* of counsel), for Workers' Compensation Board, respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether amendments to Workers' Compensation Law § 2 (4) and § 54 (6), which excluded workers' compensation coverage for an employee who is the sole shareholder and executive officer of the corporate employer unless the employer affirmatively elects such coverage (L 1982, ch 396), are applicable to workers' compensation insurance policies which were issued prior to the effective date of the amendments. The Workers' Compensation Board originally decided that the amendments were applicable to this case since claimant's accident occurred after the effective date of the amendments, but upon reconsideration the Board concluded that the amendments do not apply to policies which were in existence prior to the amendments' effective date.

We affirm the Board's decision. Where, as here, the Legislature provides that the statutory provision shall take effect immediately, prospective application of the amendments is appropriate *(see, Murphy v Board of Educ.,* 104 AD2d 796, 797, *affd* 64 NY2d 856; *see also, County of Rensselaer v City of Troy,* 120 AD2d 796, 797). This general rule has been applied in cases involving the Workers' Compensation Law *(see, Matter of Small v Gibbs Press,* 248 NY 513). The cases relied upon by the insurers, which involve retroactive application of amendments to the Workers' Compensation Law, extended the rights of injured claimants, thereby furthering the legislative objective of compensating injured employees *(e.g., Matter of Busch v Austin Co.,* 37 AD2d 648, 649). In the present case, a prospective application of the statutory amendments is appropriate because the amendments restricted the right of an employee who is the sole shareholder and officer of the employer corporation by requiring an affirmative election for coverage (L 1982, ch 396), a requirement not in existence when the policy was issued. Prospective application of the statutory amendments at issue will not alter or affect the existing workers' compensation insurance contracts between

the employer and the insurers. The Board's decision affirming an award to claimant is not irrational and should be affirmed.

MAHONEY, P. J., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Decision affirmed, without costs.