■ In the Matter of ARTHUR W. MOYNIHAN, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [596 NYS2d 570] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered July 27, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller denying petitioner's request for reinstatement to tier II status in respondent New York State Employees' Retirement System.

The undisputed facts are that petitioner had been employed by the State from October 2, 1975 and was enrolled in respondent New York State Employees' Retirement System as a tier II member. He was on paid sick leave from August 11, 1978 until November 30, 1978 due to an injury and on December 1, 1978 was placed on sick leave without pay until he was terminated on June 3, 1981. Petitioner's membership in the Retirement System was terminated on December 1, 1983 because five years had elapsed since he had performed paid government service *(see,* Retirement and Social Security Law § 40 [f] [1]).

Petitioner reentered State employment on November 26,

1984 and was reenrolled in the Retirement System as a tier IV member. Subsequently, Retirement and Social Security Law § 40 (f) (1) was amended (L 1986, ch 774) to provide that membership in the Retirement System terminates seven years after a member last performed government service. Petitioner's December 10, 1990 application for reinstatement to tier II status was denied. Following a hearing, respondent Comptroller denied petitioner's application for redetermination holding that the 1986 amendment was solely prospective. Supreme Court found that the absence of any intent in the express wording of the amendment to provide retroactivity required dismissal of petitioner's CPLR article 78 proceeding to annul the determination.

The sole issue on this appeal is whether the 1986 amendment should be given retroactive effect. We agree with both the Comptroller and Supreme Court that the statute should only be applied prospectively. We find lacking any indication of intent to provide retroactivity. Quite to the contrary, the amendment recites that it shall take effect immediately, which language this Court has held provides a clear indication that prospective application is appropriate *(see, Matter of Lusardi v Eugene Lusardi, M.D., P. C., 167 AD2d 3, 4; see also, County of Rensselaer v City of Troy, 120 AD2d 796, 797)*, which holding conforms to the general rule *(see, Murphy v Board of Educ., 104 AD2d 796, affd 64 NY2d 856; see also, Matter of Thomas v Bethlehem Steel Corp., 63 NY2d 150, 154;* McKinney's Cons Laws of NY, Book 1, Statutes § 52).

Petitioner relies heavily upon *Matter of Cady v County of Broome* (87 AD2d 964, *lv denied* 57 NY2d 602), in which this Court explained that a remedial statute is one designed to correct imperfections and cure inequities in original legislation. We found an exception to the above-stated general rule to be applicable for remedial statutes which can be utilized to give retrospective application to the extent that it does not impair vested rights *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 54). In *Matter of Cady,* we eliminated an arbitrary distinction between police officers and Deputy Sheriffs that had been created in the interpretation of General Municipal Law § 207-c which provided benefits for local policemen injured in the line of duty. We concluded that the amendment was remedial and could be applied retroactively. Here, Retirement and Social Security Law § 40 (f) (1) is distinguishable in that the amendment provides new increased rights to benefits in the Retirement System by enlarging the time for reentry of members after earlier termination from five to seven years.

Nor is support for petitioner's argument found in the legislative history to the 1986 amendment. The Legislature chose as a matter of policy to create a new substantive right to enlarge the time within which to retain membership. Petitioner's right to tier II membership had lapsed more than two years before the enactment of chapter 744 of the Laws of 1986 and was not revived by the amendment.

Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.