*598 OPINION OF THE COURT
Joseph Harris, J.
In Gleason v Holman Contract Warehousing (170 Misc 2d 668), this court, applying the rules set forth in McKinney’s Cons Laws of NY, Book 1, Statutes, chapter 5 (§§ 51-61) for determining the retroactive or prospective-only operation of newly enacted statutes, and traversing the history and development of contribution and indemnification in the common law, culminating in Dole v Dow Chem. Co. (30 NY2d 143 [1972]), codified in the 1974 amendments to CPLR 1401, and otherwise perusing and examining the fact, intent and purpose of the "Omnibus Workers’ Compensation Reform Act of 1996” (Act) (L 1996, ch 635) signed into law by the Governor on September 10, 1996, held said enactment prospective only.
In the instant action, third-party defendant moves to dismiss the third-party complaint upon the reasoning of Justice Ferradino in Majewski v Broadalbin-Perth Cent. School Dist. (169 Misc 2d 429 [Sup Ct, Fulton County 1996]), which reached a conclusion opposite to that of Gleason (supra).
The gravamen of Majewski (supra) consists of the effect of McKinney’s Cons Laws of NY, Book 1, Statutes §§ 14 (entitled "Approval of Governor”) and 144 (entitled "Ineffectiveness” ["Statutes will not be construed as to render them ineffective”]), and section 88 of the new Act (L 1996, ch 635), upon the retroactivity issue thereof. The Governor’s approval memorandum respecting the "Omnibus Workers’ Compensation Reform Act of 1996” has already been dealt with in the original Gleason decision (see, Gleason v Holman Contract Warehousing, 170 Misc 2d 668, 677, n 7, supra) wherein it was pointed out that the Governor’s Memorandum is merely "one voice in the legislative process” and that "[mjany members of the Legislature, including its prime sponsor in the Assembly [Assemblywoman Helene Weinstein (Chairwoman of the Assembly Judiciary Committee)], considered the [new Act] prospective only.” As further pointed out in footnote 7 of Gleason: "Indeed, upon the question of whether it was intended to be retroactive, or prospective only, the legislative debates reveal that the 'Omnibus Workers’ Compensation Reform Act of 1996’ was deliberately left silent — the issue to be decided by the courts under the rules for statutory construction. Otherwise, under the heated political climate in which the statute was conceived, it could not have been enacted.” (At 678, n 7; see, Siegel’s Practice Review,. No. 4, Sept. Extra 1996.)
*599 Section 88 of the new Act (L 1996, ch 635) calls for an audit by the Superintendent of Insurance of all workers’ compensation insurance carriers to determine the value as of December 31, 1996 of what is referred to as a "reserve adjustment” occasioned by the elimination of a particular category of third-party contribution actions through amendments to section 11 of the Workers’ Compensation Law.
Majewski (supra) recognizes correctly, as does this court, that there are threshold questions which must be resolved before the relevance, if any, of section 88 (L 1996, ch 635) can be addressed.
Regardless of section 88 (L 1996, ch 635), if a third-party plaintiff possesses a vested right to its cause of action for contribution (and where appropriate, indemnification), due process restraints would prevent retroactive elimination of that cause of action. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 53; Periconi v State, 91 Misc 2d 823.) The question of retroactivity is a tripartite one: (1) Can the legislative intent be unequivocally gleaned from the face of the statute, including the purpose of the statute; or (2) is the statute basically silent with respect to legislative intent; and (3) regardless of legislative intent, does the governing body have the authority to eliminate the right retroactively?
Majewski (supra) opts to adopt a view of contribution and indemnification as an "inchoate” right rather than a vested one, opening the door for a finding of permissible retroactivity. In support of its position, Majewski declares that a right to contribution or indemnification should be characterized as contingent and inchoate, rather than vested, "for if the defendant is not found to be liable and pays no money to an injured plaintiff, there is no obligation to which a party must contribute or indemnify”. (Majewski v Broadalbin-Perth Cent. School Dist., 169 Misc 2d, at 432.)
Majewski (supra) overlooks, however, that while the quantum of contribution may be inchoate, the right to seek contribution itself is vested — vested by no less an authority than Dole v Dow Chem. Co. (supra) and the 1974 amendments to CPLR article 14. (See, Siegel, NY Prac § 171, at 260 [2d ed] [cited in Gleason v Holman Contract Warehousing, supra, at 680].)
Majewski (supra) again recognizes correctly the presumption that statutes are to operate prospectively, not retroactively, even where the latter is an option (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [c]) but gives inadequate weight to McKinney’s Consolidated Laws of NY, Book 1, Statutes §§ 53 *600 ("A statute generally will not be applied retroactively where it would deprive one of a substantial right, or affect antecedent rights”) and 54 (a) ("Remedial statutes constitute an exception to the general rule that statutes are not to be given a retroactive operation, but only to the extent that they do not impair vested rights”).
Much reliance is placed by Majewski (supra, at 433) in holding that the right to contribution and indemnification is not "so substantial a right as to preclude its retroactive demise”, upon the holding of the Court of Appeals in Cooney v Osgood Mach. (81 NY2d 66).
This reliance is misplaced. Cooney (supra) is simply — no more and no less — a "conflict of laws” case, irrelevant to the issues of the case at bar, in which the Court held that, applying standard "conflict of laws” principles necessary in a Federal system of government — the lex loci delicti, as the law governing the substantive issues of the lawsuit, would apply.
In Cooney (supra), plaintiff, a Missouri resident, working at a plant in Missouri, was injured while cleaning a machine. The Court concluded that Missouri law should apply because, "although the interests of the respective jurisdictions are irreconcilable, the accident occurred in Missouri, and unavailability of contribution [under Missouri Workers’ Compensation Law] would more closely comport with the reasonable expectations of both parties in conducting their business affairs.” (Cooney v Osgood Mach., 81 NY2d, at 78.)
The "public policy” arguments made and rejected in Cooney (supra) are irrelevant to the case at bar. Under the public policy exception to traditional conflict of laws determination, when otherwise applicable law would "violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal” (Loucks v Standard Oil Co., 224 NY 99, 111 [Cardozo, J.]), the court may refuse to enforce it.
It is not in the case at bar argued that contribution is a part of the profound "public policy” of this State, nor is it necessary that it be so in order to be considered a vested right and apply the general rule that "[a] statute generally will not be applied retroactively where it would deprive one of a substantial right, or affect antecedent rights.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 53.) Nor need it be a "deep-rooted tradition of the common weal” (Loucks v Standard Oil Co., supra, 224 NY, at 111), nor need it be a concept of long standing (even though the concept of contribution — the keystone to loss al *601 location — and the bulk of it, except as partially eliminated in the amendments to section 11 of the new Workers’ Compensation Law — can be expected to be around to at least the next millennium, when no longer will it be relatively recent and no one would consider it "not a deeply rooted tradition of the common weal” [Cooney v Osgood Mach., supra, at 79]).
Even Cooney (supra) recognizes that New York’s interest in allowing contribution in the context of Workers’ Compensation Law is significant. (Cooney v Osgood Mach., supra, 81 NY2d, at 79.)[1]
We should heed the observations of Judge Cardozo in Loucks v Standard Oil Co. (supra, 224 NY, at 110-111 [another "conflict of laws” case]): "Our own scheme of legislation may be different * * * That is not enough to show that public policy forbids us to enforce the foreign right * * * We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home.”
None of this is to say that the law of contribution in New York State is an insubstantial right, or is not a vested right or can be retroactively divested. It says only that just as reasonable people may differ, so may reasonable States. It is not a question of right or wrong, nor of public policy, nor even of substantiality or weight, but merely in a given situation and circumstances, under the rules of conflict of laws, which law will apply.
This court holds, as it did in Gleason (supra), that according to the rules for statutory construction respecting determination of retroactive or prospective-only operation of new statutes, as set forth in McKinney’s Consolidated Laws of NY, Book 1, Statutes §§ 51-61, the right to seek contribution for liability for accidents occurring prior to September 10, 1996, the effective date of the Omnibus Workers’ Compensation Reform Act of 1996, is a substantive and vested right, and cannot be divested. Nothing in Majewski (supra) persuades the court to *602 alter its view. Indeed, to attempt to do so would constitute an unconstitutional taking.[2]
It would be instructive at this point to explore the ramifications and valid purpose of section 88 of the new reform Act. (L 1996, ch 635.) Once again it must be noted that the parties determined to leave the question of retroactivity to the courts, lest no bill result. (See, Gleason v Holman Contract Warehousing, supra, 170 Misc 2d, at 677-678, n 7.)
Section 88 (L 1996, ch 635) is not itself an expression of legislative intent. Legislative intent that an enactment be retroactive could easily have been achieved, if desired and constitutionally authorized, by a simple and unequivocal statement in the new Act that it be retroactive.[3] Section 88 is not that simple and unequivocal statement. Rather, it serves the useful purpose of providing a mechanism to transfer the "windfall” profits of a retroactive interpretation to the State’s general fund in the event the courts, applying the rules of statutory construction, ultimately hold the new Act retroactive. This view well meets the concerns of Majewski (supra) under section 144 of McKinney’s Consolidated Laws of NY, Book 1, Statutes that a statute serve a useful purpose.[4]
*603 Accordingly, for all the reasons set forth above, and in Gleason v Holman Contract Warehousing (supra), this court continues to hold the application of the amendments to section 11 of the Workers’ Compensation Law, as contained in the Omnibus Workers’ Compensation Reform Act of 1996 (L 1996, ch 635), relating to contribution by employers for nongrave injuries, prospective only. Motion to dismiss third-party action in the case at bar is denied.

. Majewski (supra, 169 Misc 2d, at 433) attributes to Chief Judge Kaye an "indicat[ion]” that "because availability of contribution is not guaranteed, the right is not vested.” This court has examined Cooney (supra) carefully and finds no such expression of opinion. Reference is therein contained that "contribution is not foolproof’, referring to the fact that in a given case a defendant may be unable to obtain jurisdiction over a joint tortfeasor, or that the joint tortfeasor may be insolvent or defunct, or the defendant’s own assets may be insufficient to pay its share of the judgment (needed to trigger the right to contribution). (Cooney v Osgood Mach., 81 NY2d, at 78.) But these are problems found in all tort law, and hardly convert the right to seek contribution into a will-of-the-wisp.

. If the abolition of the right to seek contribution from employers for accidents in futuro were held retroactive to accidents predating September 10, 1996, section 88 of the new Act would create a monetary windfall for the State of New York at the expense of New York insurance ratepayers. The Unearned premium would escheat to the general fund of the State of New York, not returned to the specific premium-payer from whence it came. It is cavalier to assert, as does Majewski: "When legislative intent is established, a court must carry out the legislation, 'regardless of consequences’ * * * It is not for this court to second-guess the wisdom of the Legislature and the Governor. Should the new legislation result in the feared windfall, the remedy may be found in corrective legislation.” (Majewski v Broadalbin-Perth Cent. School Dist., supra, 169 Misc 2d, at 435.) To which this court answers: Not when the interpretation of legislative intent of the portion of the statute involved leads to an unconstitutional result!

. In Flynn v New York Life Ins. Co. (Sup Ct, Suffolk County, Oct. 10, 1996), Justice Doyle points out that there are a number of sections in the Omnibus Workers’ Compensation Reform Act of 1996, and that when the Act’s effective date section, section 90 (L 1996, ch 635), intends to make any of them retroactive, it does so explicitly. Justice Doyle suggests that because no such expression of retroactivity appears for the sections of the Act that involve the issues of employer contribution or indemnification (§§ 2-9), the bill must be held prospective only as to those sections.

. Majewski (supra) suggests that section 88 (L 1996, ch 635) makes a 1996 assessment against insurance carriers based on savings that presumably come about under the new Act. The case implies that unless the Act is retroactive, there would be nothing to assess for 1996. Siegel’s Practice *603 Review (No. 48, Sept. 1996), however, suggests that there would be something assessable whichever way the retroactivity point was resolved — to wit, claims accrued after the new Act’s effective date, September 10, 1996 — claims that would clearly be governed by the Act even if held prospective only.