**Paul LAGANO and Laura Lagano, Plaintiffs,**

v.

**CHRYSLER CORPORATION, Defendant.**

**CHRYSLER CORPORATION, Third–Party Plaintiff,**

v.

**WALDORF MOTOR SALES, INC., Third–Party Defendant.**

No. 93–CV–145 (JS).

United States District Court, E.D. New York.

April 1, 1997.

Thomas Keane, Russo, Keane & Sokoloff, New York City, for Plaintiff.

Gary Cooper, Cooper, Liebowitz, Royster & Wright, New York City, for Defendant/ Third–Party Plaintiff.

Robert Guiffra, Dougherty, Ryan, Giuffra & Zambito, New York City, for Third–Party Defendant.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

Pending before the Court is the motion of third-party defendant Waldorf Motor Sales, Inc. ("Waldorf") to dismiss defendant Chrysler Corporation's third-party complaint seeking contribution and indemnification in the event of Chrysler's liability in the underlying strict products liability action. Waldorf is the employer of plaintiff Paul Lagano, who was injured while repairing a damaged fuel tank manufactured by Chrysler Corporation. Waldorf makes this motion on the grounds that New York's new Omnibus Workers' Compensation Reform Act of 1996, which was signed into law on September 10, 1996, retroactively bars third-party actions against employers in the absence of a grave injury to their injured employee.

The issue of whether the new statute should be applied retroactively, either to third-party actions instituted before the enactment of the law or to accidents that occurred prior to the enactment date, has sparked a heated debate among New York's trial courts. To date, however, the issue has not been addressed by federal courts holding diversity jurisdiction over strict products liability claims. Among the fourteen state court decisions addressing the issue, eleven have found in favor of only prospective application of the statute, while three have found that it applies retroactively.[1]

■ The purpose of the Workers' Compensation Reform Act is to repeal the decision of the New York Court of Appeals in *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382 (1972), which allowed third-party actions against employers for contribution or indemnity from accidents occurring in the scope of an employee's employment. Accordingly, § 2 of the Act amended § 11 of the Workers' Compensation Law to provide that:

An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such employee has sustained a "grave injury" . . . .

Furthermore, § 90 of the Act provides that this provision "shall take effect immediately."

■ The controversy as to whether this provision should be applied retroactively derives from both the ambiguous language of § 90 regarding the immediate effect of the Act and language in Governor Pataki's Approval Memorandum, indicating that the new law will apply "to all cases currently pending in the courts of our State." Governor's Approval Memorandum, at 2 (*cited in* Douglas D. Menagh & Vito V. Mundo, *Workers Compensation Act and Retroactivity*, N.Y.L.J., March 4, 1997, at 1). The weight of Governor Pataki's memorandum is undermined to a great extent, however, by comments of the bill's sponsor that the Act was intended to be prospective in application.

Of the cases that have found in favor of retroactive application, the determinative issue seems to be the existence of other provisions within the Act that would become meaningless without retroactive effect. In *Majewski v. Broadalbin–Perth Central School*, 169 Misc.2d 429, 653 N.Y.S.2d 822 (Sup.Ct. Fulton County 1996), Justice Ferradino was persuaded that the Act should be applied retroactively in order to preserve the efficacy of certain other provisions in the new law. Specifically, § 88 of the Act implements certain audit procedures to begin at the end of 1996 regarding workers' compensation insurance reserves. It was contemplated that insurance carriers could reduce reserves for claims or losses because of the new law prohibiting third-party claims against employers. According to the court in *Majewski*, such a provision would be rendered meaningless if the Act was not applied to cases

---

1. *See* David D. Siegel, *Conflicts Over Retroactivity of 3 New Laws: Malpractice, Employers, Summary Judgment*, N.Y.L.J., March 31, 1997, at 1, 4 (discussing the 10 cases in favor of prospective application and the 2 in favor of retroactive application). Professor Siegel's article did not include two recent New York State Supreme Court decisions: *Weiner v. Lincoln/A. Pentair Co.*, N.Y.L.J., March 25, 1997, at 30 (Sup.Ct. Nassau County, March 25, 1997) (finding the law does apply retroactively); *Quito v. Cannon U.S.A.*, N.Y.L.J., March 25, 1997, at 31 (Sup.Ct. Suffolk County, March 25, 1997) (finding the law only applies prospectively).

38

pending at the time of enactment. *Id.* at 825. Justice DiBlasi's decision in *Johnson v. Space Saver Corp.*, N.Y.L.J., March 14, 1997, at 35 (Sup.Ct. Westchester County March 14, 1997) and Justice Lockman's decision in *Weiner v. Lincoln/A. Pentair Co.*, N.Y.L.J., March 25, 1997, at 30 (Sup.Ct. Nassau County March 25, 1997) reflect this reasoning as well.

■ While this argument has some appeal, it is not persuasive to this Court. Under New York law, the general rule is that statutes are construed as prospective only, with a retroactive construction to be determined based upon legislative intent and language which expressly or by necessary implication requires such construction. *Massella v. Partners Industrial Products*, —— Misc.2d ——, ——, 655 N.Y.S.2d 823 (N.Y. Sup.Ct. Monroe County, 1997) (citing McKinney's Statutes § 51(b)). With respect to § 90 of the Act, the express language refers to taking immediate effect, not retroactive effect. New York courts construing identical language in other statutory amendments have overwhelmingly found that such language indicates that only prospective application is appropriate. *Moynihan v. New York State Employees' Retirement System*, 192 A.D.2d 913, 596 N.Y.S.2d 570 (3d Dep't 1993); *Lusardi v. Lusardi*, 167 A.D.2d 3, 570 N.Y.S.2d 376 (3d Dep't 1991); *County of Rensselaer v. City of Troy*, 120 A.D.2d 796, 797, 501 N.Y.S.2d 534 (3d Dep't 1986); *Murphy v. Board of Educ.*, 104 A.D.2d 796, 797, 480 N.Y.S.2d 138 (2d Dep't 1984), *aff'd*, 64 N.Y.2d 856, 487 N.Y.S.2d 325, 476 N.E.2d 651 (1985). The few cases which involve retroactive application of amendments to the Workers' Compensation Law extended the rights of injured claimants, thereby furthering the legislative objective of compensating injured employees. *Lusardi*, 570 N.Y.S.2d at 377. In *Lusardi*, the court found that an amendment that restricted the right of any employee to gain compensation, on the other hand, was prospective. In keeping with these holdings, the express language of the Act providing for "immediate" effectiveness indicates that only prospective application of the law is warranted.

This conclusion is bolstered by comparing the language of immediate effectiveness with the effectiveness provisions of other portions of the statute. Specifically, as noted in *Flynn v. New York Life Insur.*, N.Y.L.J., Oct. 24, 1996, at 31 (Sup.Ct. Suffolk County, March 24, 1996), §§ 49 through 51 of the Act were deemed "to have been in full force and effect on and after April 1, 1996." *Id.* Similarly, other sections were not deemed to be effective until months after enactment, such as § 57 to take effect 180 days after enactment and § 59 to take effect September 1, 1997. The lack of any such specific qualifying language pertaining to § 2 indicates that retroactivity was not intended for § 2 as it was explicitly provided for in §§ 49–51. Rather, the language means what it says: § 2 is effective from the date of enactment forward.

Likewise, retroactivity does not arise by necessary implication, as argued in the decisions noted above. In *Knapp v. Consolidated Rail Corp.*, —— Misc.2d ——, ——, 655 N.Y.S.2d 732 (Sup.Ct. Albany County 1997), the only case on this issue currently under appeal to the Appellate Division, Justice Harris addressed the concerns set forth in the other cases regarding the seeming conflict between § 88 of the Act and prospective application. The court in *Knapp* suggested that § 88 merely provides a "mechanism to transfer the 'windfall' profits of a retroactive interpretation to the State's general fund in the event the courts, applying the rules of statutory construction, ultimately hold the new statute retroactive." *Id.* at *4, at ——, 655 N.Y.S.2d 732.

Moreover, the Court does not find that prospective application and the efficacy of § 88 of the Act are necessarily at odds. Section 88 apparently anticipates that insurance carriers will be able to reduce their reserve funds for "losses or claims" by the end of 1996. According to the courts in favor of retroactive application, such a reduction would not be possible if the Act was only given prospective application. This reasoning begs the question, however, of why such a reduction would be impossible given the nearly four remaining months of 1996 after

the effective date in which claims or losses could accrue. Required reserves and premiums after the enactment date may indeed be altered as a result of the legislation. Moreover, the court in *Quito v. Cannon U.S.A.*, N.Y.L.J. March 25, 1997, at 35 (Sup.Ct. Suffolk County March 25, 1997) points out that the audit procedure also protects against the possibility the insurers may overly reduce their reserves in 1996 in light of the amendments, a tactic which the State has an important interest in protecting against in the wake of the enactment.

Finally, other indicia of legislative intent do not point in the direction of retroactive application. In *Gleason v. Holman Contract Warehousing, Inc.*, 170 Misc.2d 668, 649 N.Y.S.2d 647 (Sup.Ct. Albany County 1996), Justice Harris noted that during the debate over the passage of the Act, it was estimated that the Dole portion of all workers' compensation premiums in the State of New York was approximately 6.2% of the premiums. *Id.* 649 N.Y.S.2d at 655. If the Act were given retroactive effect, insurance carriers would receive this portion of the premiums as a windfall on claims they would no longer have to pay, a windfall amounting to nearly $1 billion. *Id.* As such, the court in *Gleason* determined that the Legislative intent could not have required retroactive application where such a windfall would result without an additional mechanism to provide refunds for such overpayments. *Id.*

## CONCLUSION

Accordingly, the Court finds that the express language of the Omnibus Workers' Compensation Reform Act of 1996 and the legislative intent favor a finding that the repeal of Dole is prospective, beginning September 10, 1996. For the foregoing reasons, therefore, Waldorf's motion to dismiss is denied.

SO ORDERED.