OPINION OF THE COURT
Andrew V. Siracuse, J.
*678 In 1996 the New York State Legislature put an end to most contribution and indemnification claims under the rule in Dole v Dow Chem. Co. (30 NY2d 143; L 1996, ch 635). Soon after September 10, 1996, the effective date of the legislation, courts were called upon to decide if the changes were to be effective prospectively or retroactively. After numerous trial-level decisions on the issue, the Second and Third Departments have held strongly for the former interpretation. Both Morales v Gross (230 AD2d 7 [2d Dept]) and Majewski v Broadalbin-Perth Cent. School Dist. (231 AD2d 102 [3d Dept 1997], revg 169 Misc 2d 429) have held that third-party actions pending on the effective date are governed by the old rule. The court finds-these precedents convincing, for reasons which will be apparent below; in any event, this court is bound by them, since the Fourth Department has not yet ruled on this question. The statute must be treated as prospective in operation, only.
The present case, however, raises a point that has not been squarely addressed at the Appellate Division level. Both Morales and Majewski (supra) speak only of third-party actions pending as of the effective date. In the case before this court, however, the third-party action was commenced by filing on May 16, 1997. The main action was commenced on October 22, 1996 — also after the changes became effective — but the accident itself occurred on October 6, 1995.[1]
There are two possible interpretations of the prospective effect of the change: first, that it applies only to workers injured in accidents after the effective date, regardless of the date they bring their action; second, that it applies to all plaintiffs who bring actions after the effective date, regardless of the date of the injury. This issue is dispositive here, since neither the main action nor the third-party action was pending as' of September 10, 1996.[2] If the legislation affects only post-effective-date accidents, the third-party complaint is good. If.it applies to all actions commenced after that date, the complaint must be dismissed.
This court holds that the abrogation of the rule in Dole (supra) is effective only as to accidents occurring on or after September 10, 1996. In explaining the preference for prospec *679 tive interpretation of enactments, McKinney’s explains that "all statutes are presumed to furnish a rule for future action only” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51, at 93; emphasis added). A retroactive statute "is made to affect acts or facts occurring, or rights accruing, before it came in force” (id., at 87). Thus, the focus of the inquiry is the activity regulated by the statute. The Legislature presumes that parties govern their conduct by reference to existing law. Since the parties rely upon existing law in negotiating such matters as insurance coverage and indemnification, they should not be penalized by a retroactive statutory change, which could undermine or contradict their contractual allocation of risk.
These considerations apply equally whether or not the parties have commenced an action to enforce these obligations. The date of commencement of an action is essentially arbitrary, and to determine rights based on that date leaves parties at the mercy of the acumen or punctuality of their attorneys. The function of legislation, which is to regulate conduct, is best served by a prospective application of statutory change to the date of the conduct complained of. Anything else would improperly change the rules of the game after a play has been completed.
It is true that the right to indemnification, either statutory or contractual, accrues only upon a judgment in the main action. But the right to such indemnification crystallizes at the time of the occurrence, and appellate courts have uniformly recognized that in such cases an action for a conditional judgment of indemnification is not premature. The same policy considerations discussed above apply with equal force to indemnification and contribution. Indeed, indemnification (along with insurance) is one of the major concerns in construction contracts. There is not likely to be any element of the parties’ negotiations that is more intimately bound up with the then-existing state of the law. Applying the new law to contracts entered into before the legislation, governing recovery for accidents that also occurred before the change, can do nothing other than subvert the intent- of the contracting parties.
Similar reasoning led Justice Purple, of Steuben County, to a similar result in Frycek v Corning Inc.: "In addition, construction contracts and indemnification agreements are drafted in view of the law as it exists at the time of the creation of the contract. Parties involved in major construction projects have allocated risks and liabilities and have obtained insurance to *680 cover those risks under the laws as they know them to be. By applying this amendment retroactively to accidents which occurred prior to its passage, the court would be reallocating those risks and liabilities with no offsetting benefit to the public. This would result in a windfall to some parties and unanticipated losses to others. This retroactive application would not serve the goal of reducing insurance premiums as the premiums have already been paid. Therefore, the court declines to legislate the result requested by Precision” (171 Misc 2d 220, 224).
While the Appellate Division cases on the new law have referred to actions pending as of the effective date, several other Supreme Court cases have stated that the changes apply only to accidents occurring after that date. Justice Harris, of Albany County, held in Gleason v Holman Contract Warehousing, that "the 'Omnibus Workers’ Compensation Reform Act of 1996’ is not retroactive but prospective only to accidents occurring subsequent to the effective date of the statute, September 10, 1996” (170 Misc 2d 668, 683; emphasis supplied). After another court disagreed (Majewski v Broadalbin-Perth Cent. School Dist., 169 Misc 2d 429, supra), Justice Harris reiterated his view that "the right to seek contribution for liability for accidents occurring prior to September 10, 1996 * * * is a substantive and vested right, and cannot be divested” (Knapp v Consolidated Rail Corp., 171 Misc 2d 597, 601).
Although these specific holdings have not yet been weighed by the Appellate Divisions, it is significant that the Majewski case (supra) has been reversed by the Appellate Division, Third Department (231 AD2d 102), which cited Gleason (at 108), and that Frycek, Gleason and Knapp (supra) have been cited with evident approval in the Second Department case of Morales v Gross (230 AD2d 7, 10 [Frycek v Corning Inc.], 12 [Gleason v Holman Contract Warehousing], 13 [Knapp v Consolidated Rail Corp.], supra).
The trial level cases holding otherwise are not convincing. As noted above, Majewski (supra) has been reversed. The Westchester County case of Johnson v Space Saver Corp. (172 Misc 2d 147) relies heavily on Majewski, is inconsistent with Morales (supra), and should not be followed. Most peculiar of all is the Monroe County case of Massella v Partners Indus. Prods. (171 Misc 2d 812; this decision is currently on appeal). In this case Justice Stander, of the Supreme Court’s Commercial Part, held that the statute was indeed prospective in its operation, but that "the statutes apply to pending cases existing on September *681 10, 1996 which have not reached judgment” (171 Misc 2d, at 815).
This is a bizarre interpretation of "prospective” application, because it is indistinguishable from other courts’ understanding of retroactivity. In every case in which the Appellate Divisions have considered the statute in question the third-party action had not reached judgment; in most if not all of them the main action was still pending. Upon holding that the statute applied prospectively the Appellate Divisions denied motions to dismiss the third-party complaints.
Justice Stander held just the opposite, and the effect of his holding would be to dismiss all pending cases — exactly the result of a retroactive application of the statute. The only actions saved by Justice Stander’s interpretation would be those already reduced to judgment. This is hardly a concession at all, since preexisting judgments are virtually never affected by subsequent legislation. It is hard to avoid the conclusion that the court misunderstood the meaning of "prospective”.
Although the right to contribution or indemnification may be viewed as a prospective or inchoate right which matures upon a judgment in the main action, it more properly speaks from the date of the accident, for the reasons stated above. Since the present accident occurred before the effective date of the statute, and because the contractual relations among the parties were determined with reference to the older law, it is both proper and reasonable to determine the parties’ respective rights with regard to that law. For this reason, above all, the court holds that the statutory changes apply only to accidents occurring on or after the effective date. It is not necessary at this time, then, to decide whether or not the plaintiff suffered "grave injury”.
The motion to dismiss the third-party complaint is therefore denied, without costs or disbursements.

. Some of the delay in commencing the action arose from the difficulty in determining the manufacturer of the equipment involved in the accident. A motion for preaction discovery was heard by this court in February 1996.

. Third-party actions may still be maintained in cases of "grave injury”. It is unlikely, given the papers submitted, that plaintiff’s injuries fall within this category, but the issue is moot in any case.