■ CHENG SING LIANG et al., Respondents, v CHWEN JEN HUANG et al., Appellants. [679 NYS2d 210] —Peters, J. Appeal from an amended judgment of the Supreme Court (Monserrate, J.), entered June 18, 1997 in Broome County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs emigrated to the United States from Taiwan in 1990. Unable to find employment so as to obtain green cards, they returned to Taiwan after two months. In 1991, they again came to the United States to find employment or invest in a business. While visiting defendant Chwen Jen Huang's parents, they learned that defendants were seeking to sell the North Street Motor Lodge (hereinafter the motel) which they owned and operated in the Town of Union, Broome County. Plaintiffs were soon introduced to defendants who shortly thereafter offered to sell them the motel for approximately $400,000. They rejected the offer but continued to express interest.

By October 1992, defendants contacted plaintiffs and offered to sell them the motel property and business for $350,000. With a further offer to employ plaintiffs to run the motel pending their purchase, notwithstanding their limited understanding of the English language, they reduced the purchase price to $340,000, predominately financed by defendants.

Relying upon defendants for most of their outside social, religious and professional contacts, plaintiffs agreed to defendants' suggestion that they should employ one lawyer to reduce their closing costs. The record reflects that all closing documents, including the land contract for the sale of the real estate, the agreement for the sale of the motel (hereinafter the sales agreement) and a purchase agreement for the sale of

stock, were first presented on the day of the closing and that plaintiffs primarily relied upon the interpretation of terms and conditions contained therein as explained by the attorney or by defendants' Taiwanese translation.

It is undisputed that the sales agreement detailed that the motel contained 23 rental units, as reflected by the permit issued by the State Department of Health posted in the motel lobby, that the air-conditioning system, as well as other mechanical systems, were "in good operating condition and repair, subject only to ordinary wear and tear", and that there existed "no leases, agreements, arrangements or understandings with respect to or affecting the Property or any of the Assets". The purchase agreement also stated that the motel contained 23 rental units yet, in one of the last provisions, it was noted that the local zoning ordinance and the Department of Health authorized its use as a 19-unit motel. An annexed schedule of assets included a telephone console.

After the closing in 1992, plaintiffs not only learned that the telephone console was leased but also that four of the 23 rooms were not rentable. Additionally, in the spring of 1993, they discovered that the air-conditioning system was leaking Freon and that it had a defective compressor. Thereafter, this action for rescission of the sale, based on fraud, and for damages for breach of contract was commenced. Upon a jury verdict for plaintiffs on the breach of contract causes of action, defendants moved to set it aside and plaintiffs cross-moved to amend the judgment. Supreme Court denied defendants' motion, granted plaintiffs' cross motion and amended the judgment with respect to computation of costs and interest. Defendants now appeal.

Finding that the commencement of this action was timely (see, CPLR 213) and that no objections to the jury charge were raised at the time of trial (see, Harris v Armstrong, 64 NY2d 700),[1] we next review the specific areas in which the jury found defendants to have breached their contract with plaintiffs to demonstrate that the evidence did not so preponderate in their favor that the verdict " 'could not have been reached on any fair interpretation of the evidence' " (Lolik v Big V Supermarkets, 86 NY2d 744, 746, quoting Moffatt v Moffatt, 86 AD2d 864, affd 62 NY2d 875; see, Grassi v Ulrich, 87 NY2d 954).

The inconsistent provisions in the purchase agreement, specifying first 23 and later 19 rental units, do not, on their

---

1. We note, parenthetically, that as to the charges alleged to be in error, a finding was made in favor of the defendants.

own, constitute the requisite quantum of evidence to set aside a jury's verdict.[2] With the sales agreement clearly detailing the transfer of a 23-unit motel, the purchase agreement reiterating such description in the recitals from which the later provisions derived, and with the posted permit from the Department of Health confirming the existence of 23 rentable units, we find sufficient evidence to support the jury's determination that plaintiffs contracted, in good faith, to buy a 23-unit motel (*see, Grassi v Ulrich, supra,* at 955; *Lolik v Big V Supermarkets, supra,* at 746).

As to the breach based upon representations concerning the air-conditioning system, testimony indicated that from as early as 1990, defendants were informed by their repair technician that there existed a Freon leak requiring its annual replacement, as well as a broken timer on the lead compressor. Instead of authorizing the repair or replacement thereof, defendants had it serviced. Hence, upon plaintiffs' discovery of the problem in the spring of 1993, they were advised to seek annual Freon replacement. However, by 1996, due to a change in regulations issued by the Environmental Protection Agency which now limited the use of Freon, testimony indicated that plaintiffs were forced to either attempt its repair—"a poor alternative in light of the age of the system"—or contract for its replacement at an estimated cost of $24,248. Although defendants rightfully contend that a subsequent change in regulations cannot constitute a breach of the agreement (*see generally, Town of Ithaca v Village of Cayuga Hgts.,* 184 AD2d 78; *Huskission v Sentry Ins.,* 123 AD2d 832), sufficient evidence was presented to have allowed the jury to conclude that defendants were aware, at the time of conveyance, that the system was not in "good operating condition and repair, subject only to ordinary wear and tear".

Finally, as to the jury's determination that defendants failed to convey ownership of a telephone console system, we find no error since defendants did not dispute their lack of ownership but merely contended that it was improperly placed on the list of assets.

As to the damages awarded, we find no error since no evidence was presented to dispute plaintiffs' expert or documentary proffer as to the amounts sought (*see, Cohen v Hallmark Cards,* 45 NY2d 493) or as to the ways in which plaintiffs could have mitigated their damages (*see, Oneonta Dress Co. v Ozona-USA, Inc.,* 120 AD2d 899). Upon this basis, coupled with the

---

**2.** We have found it proper to so reject a subsequent inconsistent clause (*see, Honigsbaum's, Inc. v Stuyvesant Plaza,* 178 AD2d 702, 704).

failure to object to Supreme Court's charge, we decline to disturb the determination rendered (*see, id.*).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the amended judgment is affirmed, with costs.