■ SABOL SPORTS L. L. C., Appellant, v NASSAU PRECISION CASTING Co., INC., Doing Business as NASSAU INVESTMENT CASTING Co., Respondent. [704 NYS2d 36] —Judgment, Supreme Court, New York County (Ira Gammerman J., and a jury), entered January 28, 1999, dismissing the complaint, and awarding defendant damages on its counterclaim in the principal amount of $300,000, with interest, costs and disbursements, unanimously affirmed, without costs.

There is no merit to plaintiff's claim that the trial court failed to recognize the ambiguity in the parties' August 22, 1997 agreement insofar as it referred to approved "samples". On the contrary, the trial court allowed extensive parol testimonial and documentary evidence as to whether the finish of the putter heads for the subject golf clubs conformed with the parties' agreement. Plaintiff assigns error in the exclusion of its advertisements depicting the clubs, but such would have been cumulative given the testimony of plaintiff's graphic artist and the admission of two of his drawings. The issue of whether the product delivered conformed to the samples approved was addressed in detail in the jury charge and was the subject of the first question on the verdict sheet, and no basis exists for disturbing what was in main part a credibility determination in favor of defendant. Nor did the trial court err in rejecting plaintiff's offer of parol evidence intended to show that the time of delivery was of the essence, the parties' August 22, 1997 written agreement, which referred only to an "approximate ship date" of September 30, 1997, being plainly inconsistent with any such condition. Plaintiff's claim of jury confusion is also unavailing, based as it is on the special verdict answers of only one juror, whose vote would not change the verdict. Finally, the $300,000 damage award in favor of defendant (less than the $385,000 sought) should not be disturbed as irrational or against the weight of the evidence, where plaintiff presented no evidence countering that presented by defendant as to its various items of damages, did not object to any of the court's instructions on damages and never requested that the award be broken down into its component parts (*see*,

*Hunt v Bankers & Shippers Ins. Co.*, 50 NY2d 938; *Cheng Sing Liang v Chwen Jen Huang*, 255 AD2d 671, 673). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.